SECURITY LIFE INSURANCE COMPANY OF AMERICA *v.* McCRAY.

Opinion delivered May 29, 1916.

PRINCIPAL AND AGENT—CONTRACT OF AGENCY — INSURANCE SOLICITOR — COMMISSIONS—TERMINATION OF CONTRACT.—A contract of agency, having been terminated by the act of the parties in accordance with its terms, which provided that the agent should receive commissions only so long as the contract continued in force, ended his right to claim commissions thereafter.

Appeal from Yell Circuit Court, Dardanelle District; *M. L. Davis,* Judge; reversed.

### STATEMENT BY THE COURT.

A. S. McCray brought this suit for the collection of certain renewal commissions, alleged to be due him under the terms of his agency contract for writing insurance for appellant company.

It is admitted that the written contract was terminated on the 20th day of November, 1914, in accordance with its terms and all commissions and renewals paid to that

time, the suit being brought for commissions for renewals from said 20th day of November, 1914, the date of the cancellation of the contract.

Section 3 (A) of the contract provides: "The company in consideration of the services to be rendered by the agent agrees to pay the agent, as long as this contract is in force, on all business written by him, a commission upon the first year's premium of each policy accepted and paid for in cash, and a renewal commission upon subsequent premiums, when paid in cash in accordance with the following tables" which show the commisions to be 5 per cent. on all except three kinds of policies designated and "an additional renewal commission of 2 per cent. for five years will be paid on premiums of policies written on the first three plans scheduled above."

Section 18 of the contract stipulates:

"It is agreed that the provisions of this contract may be modified and changed without the consent of the agent if the same shall conflict with any state laws or rulings of any State Insurance Department; and should the license of the company to do business in the resident State of the agent, or any other State in this contract, at any time be withheld or revoked, or the company for any cause cease to do business in said State, this contract shall immediately terminate, except as to any rights the agent may have acquired as to renewal commissions."

Appellee testified that he was entitled under the terms of the contract, notwithstanding the termination of it, to the $130 claimed as renewal commissions, and recovered judgment therefor, from which this appeal is prosecuted.

*J. T. Bullock* and *Bradshaw, Rhoton & Helm,* for appellant; *E. B. Buchanan,* of counsel.

1. Plaintiff failed to make a case. There was no liability after the contract was canceled. It was only binding as long as the contract was in force. 63 Atl. 377; 193 Fed. 512; 112 S. W. 327; 70 *Id.* 251; 61 Minn. 330; 2 May on Ins. (4 ed.), § 576; 49 Am. Rep. 637; 50 *Id.* 21;

78 Am. St. 522; 13 Am. Rep. 529.   No indebtedness whatever 'was proven.

*John B. Crownover,* for appellee.

The agent had a vested right in the renewals, and the cancellation of the contract did not divest his right *"acquired"* in the renewals.   Bouvier Dict., p. 61, 625; Cooley's Const. Lim., sections 356-7; 45 Ark. 415; 8 Cyc. 894. There was proof of the indebtedness and appellant failed to prove payment.   65 Ark. 269; 12 Fed. 465.

Kirby, J., (after stating the facts).   It is conceded that the contract was terminated in accordance with its provisions on the 20th day of November, 1914, and admitted by appellee that he had received all renewal commissions to that time, his contention being that under the terms of the contract he is entitled to the designated per cent. of renewals on the three classes of policies written for the term of five years of the policies' existence.

The parties had the right to agree upon the terms of their contract and their rights are determined by its provisions, the whole of the contract and all its terms being considered in arriving at their intention in making it, each provision being given full effect as far as the language of the whole instrument will permit.

It is plain from the provisions of said section 3-A, that there was only an agreement to pay the agent as long "as this contract is in force."   Then follows the stipulation as to the amount of the commissions upon the first year's premiums and the renewal commissions upon subsequent premiums paid in cash upon the entire table of policies designated, with additional renewal commissions of 2 per cent. for five years on premiums of policies written on the first three plans or classes designated in the schedule or table.   The payment of 5 per cent. commission on the policies specified in the table, extended to the life of the policy and there is no more reason for saying that the agent's right to collect the 7 per cent. renewal commission for five years on the policies in the first three

classes designated continued after the termination of the contract of agency, than to say that he was entitled notwithstanding its termination, to the 5 per cent. renewal commissions for the life of all the policies written.

It is insisted that the last clause of said section 18, providing that the contract may be changed in certain events, or for the termination of it upon the company's ceasing to do business in the State, which concludes, "except as to any rights the agents may have acquired as to renewal commissions," indicates a contrary intention and the right of the agent to renewal commissions after the termination of the contract, but we do not think so.

The insurance company recognized its liability to the payment of all commissions, renewal commissions included, up to the time of the termination of the contract, in accordance with section 11 providing for the termination thereof by the act of the parties, and under which it was terminated, and paid him all commissions of every kind due to that date, as shown by his own statement. It was evidently only the intention by this latter clause to protect the agent's right to renewal commissions upon the termination of the contract by the company's being refused permission or ceasing to do business in the State, and whether the renewal commissions could have been exacted by the agent upon the termination of the contract under such contingency for a longer time than the date of its termination, is not necessary to decide, since it was terminated by act of the parties.

The agent having the right to receive commissions only so long as the contract continued in force and it having been annulled was without right to any commissions on renewal premiums, after the date of the termination of his contract of agency. *Stagg* v. *Insurance Co.*, 10 Wall. 589; *Fidelity & Deposit Co.* v. *Washington Life Ins. Co.*, 193 Fed. 512; *Scott* v. *Travelers Ins. Co.*, 63 Atl. 377, 16 Am. & Eng. Enc. Law, 919; 2 May on Ins., section 576.

The contract of agency having been terminated by the act of the parties in accordance with its terms, which provided that the agent should receive commissions only,

so long as the contract continued in force, ended his right to claim commissions thereafter and the court erred in holding otherwise. The judgment is reversed and the cause dismissed.

Justice Hart being disqualified did not sit in case.