KYSELKA *v.* NORTHERN ASSURANCE CO. OF MICHIGAN.

ACTION—SPLITTING CAUSE OF ACTION—INSURANCE—RECOVERY OF
RENEWAL COMMISSIONS BEFORE ACCRUAL.

   The Supreme Court in a former decision (194 Mich. 430)
      having limited plaintiff's recovery of commissions on re-
      newals of life insurance, under his contract with de-
      fendant, to such commissions as had accrued and were
      payable at the time he started such suit, since the amount
      was uncertain and could only be determined after the.
      expiration of the period, defendant's contention in this
      suit for commissions accruing subsequent to the former
      suit, that plaintiff should have included this demand in
      the former suit, and that the law will not allow him to
      split his cause of action into two or more suits, *held*,
      untenable.

Error to Grand Traverse; Mayne (Frederick W.),
J. Submitted October 17, 1919. (Docket No. 78.)
Decided December 22, 1919.

Assumpsit by Albert G. Kyselka against the North-
ern Assurance Company of Michigan for breach of an
agency contract. Judgment for plaintiff. Defendant
brings error. Affirmed.

*Fred H. Aldrich,* for appellant.

*Patchin & Duncan,* for appellee.

BIRD, C. J. Plaintiff sued defendant and recovered
in the trial court a judgment for $1,328.11 for certain
commissions on renewals of life insurance which he
had theretofore solicited for defendant while in its
employ. The defense made by defendant is that this
claim for commissions was disposed of by a former
adjudication between the parties, and that the trial

court was in error in refusing to so instruct the jury. It appears that plaintiff entered into a written contract with defendant on April 6, 1910, whereby he was to become its agent for the purpose of soliciting insurance; that he continued to work under this contract until September 1, 1914, when he was discharged by the president of defendant on a charge of insubordination. His contract contained the following provision:

"After three consecutive years' service in the employ of the company under this contract, should the said second party resign his connection with the company under this contract, he shall receive renewal commissions as above for as many years thereafter as he has been in the employ of the company hereunder, provided that paid-for insurance of at least $300,000 has been written by the agency during the first three years of this contract, beginning April 6, 1910."

Following his discharge he brought suit and recovered his renewal commissions up to August 3, 1915. That case came to this court and is reported in 194 Mich. 430, where a very full statement of the controversy is made. The present suit was begun to recover his renewal commissions from August 3, 1915, to April 19, 1917. It is argued by defendant that the former suit disposed of the claims made in this suit; that plaintiff should have included in the former suit a count for prospective commissions, but having failed to do so, the loss is his, as the law will not permit him to split his cause of action into two or more suits.

Defendant's counsel is inclined to discuss the case from the standpoint of the ordinary case of hiring followed by a wrongful discharge. Of course, in such a case the servant may institute suit at once and recover for a breach of his contract, or he may wait until the end of the contract period and recover what he has lost by reason of the wrongful discharge. 1 R. C. L. p. 355. But this is not such a case. Plaintiff

is not seeking to recover damages for a breach of his contract, nor is he seeking to recover wages which would have accrued had there been no breach of the contract, but he is seeking to recover certain commissions which the contract provides he shall be entitled to after the termination of his contract, or after the period of employment is passed. Under the contract, these commissions are due and payable quarterly, and until the end of the quarter the amount of the commissions is uncertain and they are not demandable until the end of the period. In the former suit plaintiff was permitted to recover in the trial court commissions for the quarter period ending September 1, 1915. This court held that was error, saying:

"We think the court was in error in entering a judgment in favor of the plaintiff for a full year's renewal. As before pointed out, the declaration was filed on August 3, 1915, and the last quarter was not payable under the terms of the contract until September 1, 1915. Under the declaration plaintiff could recover only such payments on account of renewals as were had at the time he started his suit."

We are of the opinion that plaintiff's present suit is not open to the objection that he should have included in the former suit a demand which was at the time uncertain in amount and one which was not due and payable until a later date. 23 Cyc. p. 443; 1 R. C. L. p. 351.

Taking this view of the matter the judgment of the trial court must be affirmed.

SHARPE, MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.