## VOORHIES v. WALKER.

1. CORPORATIONS—FILING ARTICLES OF ASSOCIATION.

Where the articles of association of a corporation were executed and filed, whether they were actually handed to the secretary of State by the president or by his direction is unimportant.

2. SAME—NAME ASSUMED PRIOR TO INCORPORATION UNIMPORTANT.

Nor is it important to the State that prior to the incorporation the parties in interest conducted business under an assumed name, being the same name later taken by the corporation.

3. SAME—OUSTER—BURDEN OF PROOF.

In *quo warranto* proceedings by the prosecuting attorney to try defendants' right to do business as a corporation, the burden of proof was upon plaintiff to establish grounds of ouster.

4. SAME—CORPORATE MEETINGS PRESUMED VALID.

There is no presumption of invalidity of corporate meetings; the presumption being the other way.

5. SAME—OLD OFFICERS CONTINUE UNTIL NEW ONES ELECTED.

Upon failure to elect new officers of a corporation, the old ones continue in office.

6. SAME—FAILURE TO FILE REPORTS.

That some of the corporation reports required by law were not filed on the exact date required is not ground for ouster in the absence of evidence that the neglect was wilful, or that anyone was harmed thereby, where at the time ouster proceedings were started all reports had been filed.

7. SAME—BY-LAWS FOR BENEFIT OF STOCKHOLDERS.

Since by-laws, when enacted by a corporation, are for the benefit of the stockholders, the State is not interested therein unless they in some way offend the rights of the public.

8. SAME—EVIDENCE—SUFFICIENCY.

The claim that no by-laws have ever been enacted by de-

For authorities discussing the question of taxation of shares of domestic corporation owned by nonresidents, see note in 58 L. R. A. 580; L. R. A. 1915C, 944.

fendant corporation, *held*, not established by competent testimony.

9. SAME—MICHIGAN CORPORATION NOT REQUIRED TO REPORT NAMES OF STOCKHOLDERS TO ASSESSORS.

A domestic corporation is not required by 3 Comp. Laws 1915, § 11338, to report the names of its stockholders to the assessors of the townships and cities in which they reside, since its stock is not liable to general taxation in the hands of Michigan holders.

10. SAME—MINOR INFRACTIONS OF CORPORATION LAW INSUFFICIENT CAUSE FOR OUSTER.

Minor infractions of the corporation law by a corporation which is perfectly solvent and doing a fairly successful business, *held*, insufficient cause for ouster, in the absence of any evidence that either the State or any member of the public has been harmed thereby.

Error to Wayne; Hunt (Ormond F.), J.    Submitted April 16, 1924.    (Docket No. 93.)    Decided June 2, 1924.

*Quo warranto* proceedings by Paul W. Voorhies, prosecuting attorney of Wayne county, against Levi H. Walker, the Walker Shoe Company and others to try the right of defendants to do business as a corporation.    Judgment for defendants on a directed verdict.    Plaintiff brings error.    Affirmed.

*John R. Rood*, for appellant.

*Guy W. Moore* and *Hal P. Wilson*, for appellees.

In *Battige* v. *Walker Shoe Co.*, 213 Mich. 73, John C. Battige, one of the individual defendants in the instant case and a stockholder in the corporate defendant, unsuccessfully sought a decree dissolving the corporation.    The records of this court show that he also applied to the attorney general to institute proceedings for that purpose, that the attorney general refused, and that this court declined to issue an order

requiring him to show cause why he should not be compelled so to do.    This proceeding instituted by the prosecuting attorney of Wayne county seeks the same result.    The grounds upon which the relief is sought are thus stated in the replication:

"(1) That the articles of association of the said supposed company were not filed by the president of said company as required by law.

"(2) That the said defendants and supposed company commenced doing business as such corporation and in its corporate name before filing articles of incorporation as required by law, and before obtaining any franchise to do so.

"(3) That the original meeting as held to organize the company, if any was ever held, was not held pursuant to notice as required by law, nor was any waiver of said notice as required by law ever made.

"(4) That corporate meetings have not been held as required by law, nor notice of such meetings ever given as required by law.

"(5) That annual reports have not been filed as required by law.

"(6) That no by-laws have ever been enacted by the said supposed corporation to comply with the requirements of the statute.

"(7) That reports to the assessors of the townships and cities in which the supposed stockholders of said supposed company reside, have not been made showing the shares held by each, as required by law."

FELLOWS, J. (*after stating the facts*).    There are some general rules governing courts in proceedings of this character which we shall have in mind at the outset and through the consideration of the case.    They are well stated in Ruling Case Law and we quote some of them.

"The courts lean against the forfeiture of corporate franchises; the object is to preserve and uphold the estate, unless it be clear that the rights vesting in it have been improvidently neglected or illegally abused, and such forfeiture will not be allowed except for a plain abuse of power, by which the corporation

fails to fulfil the design and purpose of its organization." 7 R. C. L. p. 711.

"It is well recognized that only such acts or omissions are a cause of forfeiture as concern matters which are of the essence of the contract between the State and the corporation, or in other words, in which the public have an interest. As has been well said, the State as prosecutor must show on the part of the corporation accused some sin against the law of its being which has produced, or tends to produce, injury to the public. The transgression must not be merely formal or incidental, but material and serious, and such as to harm or menace the public welfare." 7 R. C. L. p. 712.

"To work a forfeiture of the franchises of a corporation, there must be a wilful abuse or improper neglect, and something more than accidental negligence, excess of power, or mistake in the mode of exercising an acknowledged power." 7 R. C. L. p. 713.

"Where a statute imposes an imperative duty on a corporation to do or not to do a particular thing, and provides that if such duty is not performed the corporation shall forfeit its charter or franchise, the rule that the court has no discretion in entering judgment against the corporation for a violation of the act, and that the judgment must be for the penalty so prescribed, is generally well recognized. * * * In other cases the court is vested with a discretion, and may refuse a judgment of ouster, if, in its opinion, the interests of the public do not require such a judgment. At the present time there can be no doubt that in *quo warranto* proceedings, or proceedings in the nature of *quo warranto*, to forfeit the franchise of a corporation for exercising rights which it does not possess under its charter, or for entering into an illegal contract, where the statute does not provide that the penalty of forfeiture shall follow, the punishment rests in the discretion of the court." 7 R. C. L. pp. 722, 723.

While in *Attorney General* v. *Railroad Co.*, 55 Mich. 15, this court held that the court should exercise its discretion upon the application for leave to file the

information rather than upon the final hearing, later cases have held that the discretion may be exercised on the final hearing and have recognized the general rule announced in Ruling Case Law. *Meurer* v. *Protective Ass'n,* 95 Mich. 451, 456; *Attorney General* v. *National Cash Register Co.,* 182 Mich. 99, 126 (Ann. Cas. 1916D, 638). Having in mind the rules for our guidance, we will take up the objections in their order.

1. The articles of association do not appear in the record but the record does disclose that they were executed and filed. Whether they were actually handed to the secretary of State by the president or by his direction is unimportant.

2. Nor is it important to the State that prior to the incorporation the parties in interest conducted the business under an assumed name, being the same name later taken by the corporation. Whether the parties complied with the assumed name statute (2 Comp. Laws 1915, § 6349 *et seq.*), does not appear.

3 and 4. The burden of proof was upon the plaintiff to establish grounds of ouster. He did not see fit to produce as a witness the custodian of the records of the company. There was parol testimony that at least one meeting was held. There is no presumption of invalidity of corporate meetings, the presumption is the other way. *Foote* v. *Greilick,* 166 Mich. 636; and upon failure to elect new officers of the corporation the old ones continued in office. *Hill* v. *Town,* 172 Mich. 508, 518 (42 L. R. A. [N. S.] 799).

5. At the time the proceedings were instituted the corporation had filed all reports required by law. Some of them were not filed on the exact date required but there is no evidence that this neglect was wilful or that anyone was harmed by the delay in filing. This is not ground for ouster. *State, ex rel. Scott,* v. *Trust Co.,* 140 Ala. 610 (37 South. 442, 103 Am. St. Rep. 60).

6. By-laws when enacted by a corporation are for the benefit of the stockholder (7 R. C. L. p. 142) to regulate the manner of conducting the internal affairs of the corporation. We do not perceive that the State is interested in them unless they in some way offend the rights of the public. But beyond that there is no competent testimony that none were adopted.

7. Under this head it is insisted that the corporation was required to report the names of the stockholders to the assessors pursuant to section 11338, 3 Comp. Laws 1915. But this corporation was a Michigan corporation and its stock was not liable to general taxation in the hands of Michigan holders. *City of Detroit* v. *Kresge*, 200 Mich. 668. In *North & South Rolling Stock Co.* v. *People*, 147 Ill. 234, 253 (35 N. E. 608, 24 L. R. A. 462), it was said:

"Important as is the duty of every property holder, whether a natural person or a corporation, to have his property properly listed for purposes of taxation, so that each may bear his proper share of the public burdens, we are not aware that a failure by a corporation to list its property for that purpose has ever been held to be an act amounting to a forfeiture of its corporate franchise."

The defendant Walker Shoe Company is a small corporation engaged in the sale of shoes at retail. It appears to be perfectly solvent and doing a fairly successful business. There is nothing upon this record which indicates, by even the greatest stretch of imagination, that the State or any member of the public has been harmed either by its existence or the alleged infractions in minor particulars of the corporation law. Its ouster would serve no public purpose.

The judgment for the defendants entered in the court below will be affirmed.

CLARK, C. J., and MCDONALD, BIRD, MOORE, SHARPE, STEERE, and WIEST, JJ., concurred.