STEVENSON v. BROTHERHOODS MUTUAL BENEFIT.

1. JUDGMENT—RES JUDICATA—DISCHARGE OF FIELD ORGANIZER.
    Where matter of justification for discharge of plaintiff who had been hired by defendant company as field organizer to write benefit policies had not been passed upon by trial court in a previous case arising out of same contract, statement in opinion on appeal that discharge was justified *held*, an expression of opinion and unnecessary to determination of the issues involved therein, hence the question of whether the discharge was justified was not *res judicata*.

2. INSURANCE—FIELD ORGANIZER'S RENEWAL COMMISSIONS—CONTRACTS.

The right of an insurance company's field organizer to commissions on renewal premiums depends upon the contract existing between the organizer and the insurance company, or one of its general agents.

3. SAME—FIELD ORGANIZER'S RENEWAL COMMISSIONS—CONTRACTS—CONSIDERATION.

Unless the right of a field organizer to renewal commissions on benefit policies is expressly stipulated or necessarily drawn from an interpretation of the agency contract, his right thereto ceases with the term of employment since the right to such renewals rests, in part, on the consideration of his services in keeping the policies written by him alive.

4. SAME—DISCHARGE—RENEWAL COMMISSIONS.

An insurance company cannot, through a formal discharge for an insufficient reason, deprive its field organizer of his right to renewal commissions.

5. SAME—DISCHARGE.

Where agreement of benefit company with its field organizer provided that it would be in effect as long as latter should exert his best efforts in his employment, his discharge brings into issue the question of whether he was rightfully or wrongfully discharged.

6. PLEADING—MOTION TO DISMISS—DISCHARGE OF AGENT.

Where no testimony has been taken on issue as to whether or not plaintiff field organizer's discharge was rightful or wrongful and matter was not determined in previous case arising out of same contract for commissions for writing benefit policies, order granting motion to dismiss without trial upon such issue was reversible error.

Appeal from Wayne; Murphy (Thomas J.), J. Submitted January 9, 1947. (Docket No. 61, Calendar No. 43,385.) Decided April 17, 1947. Rehearing denied June 12, 1947.

Assumpsit by John R. Stevenson against Brotherhoods Mutual Benefit, a Michigan corporation, for commissions. Cause dismissed on motion. Plaintiff appeals. Reversed and remanded for further proceedings.

*Anthony Maiullo,* for plaintiff.

*Edward P. Echlin (Charles E. Duffy,* of counsel), for defendant.

Sharpe, J. The Brotherhoods Mutual Benefit, defendant herein, was incorporated July 10, 1941, for the purpose of insuring railroad, street railway and bus company employees against loss of wages caused by discharge or suspension. On July. 22, 1941, defendant company entered into a contract with plaintiff, John R. Stevenson, which provided in part:

"The Brotherhoods Mutual Benefit of Detroit, Michigan, hereby agree to employ John R. Stevenson, of Battle Creek, Michigan, as field organizer to represent their interests in procuring representatives in the field and to handle Brotherhoods Mutual Benefit sales.  * * *

"In order to compensate John R. Stevenson for his time and efforts in his representative capacity as field organizer, the Brotherhoods Mutual Benefit agrees to pay John R. Stevenson as here specified:

"Five dollars commission on each application received at the home office from the territory assigned to said field organizer, five per cent. renewal on each application received for a period of five years.

"This $5 commission is to be paid at the rate of $1 a month for five consecutive months, starting with the sixth month's dues. The five per cent. renewal is to be paid on each policy at the end of its fiscal year, starting with June, 1942.

"It is understood and agreed that this arrangement will be in effect on and after the first day of June, 1941, and shall continue as long as the said field organizer shall exert his best efforts in his employment, but not longer than 10 years from the first of June, 1941."

Following the execution of the contract, plaintiff began work as defendant's representative and field organizer. in the territory specified in the contract. He continued until January 15, 1943, when defendant discharged him and cancelled his contract. He then began an action to recover commissions alleged to be due him under the contract. The trial court awarded him a judgment of $4,276.52 which was affirmed upon appeal.

In that case plaintiff claimed the specific commission of $5 on each application for membership in defendant company which he and his agents had obtained. He also claimed the five per cent. commission on all renewals of the membership policies. The renewal commissions were computed to January 1, 1943. We there held that the contract was severable; and that plaintiff could recover commissions due at the time of discharge. For further details of that action see *Stevenson* v. *Brotherhoods Mutual Benefit,* 312 Mich. 81.

On July 17, 1944, plaintiff began the present action for renewals and commissions on policies written by him or his agents before he was discharged, but which became due and payable after his discharge. The defendant company filed an answer to the declaration with notice of affirmative defenses of set off and recoupment.

On July 10, 1945, defendant company filed a motion to dismiss plaintiff's declaration for the following reasons:

"1. Because the Supreme Court in its opinion, filed June 29, 1945, (*Stevenson* v. *Brotherhoods Mutual Benefit,* 312 Mich. 81), said cause of action being indivisible and identical with the claimed cause of action stated in plaintiff's declaration filed herein, held as follows:

"(a)   That the plaintiff breached his contract of employment;

"(b)   That by reason of such breach the defendant was justified in discharging plaintiff and cancelling his contract;   *   *   *

"2.   Because the judgment affirmed as aforesaid is *res judicata* of the matters herein involved and the within entitled cause is barred by reason thereof;

"3.   Because plaintiff had but one cause of action;   *   *   *

"5.   Because plaintiff by reason of his mistaken choice of remedies (*i.e.,* instituting the within action instead of appealing to the Supreme Court) has lost whatever right he may have had to the sum or sums of money herein claimed, and

"6.   Because the within entitled action is also barred by the rule prohibiting the splitting of causes of action."

The trial court granted the motion to dismiss and held that whether or not plaintiff breached his contract was necessarily involved in the first law suit; and that the decision of the Supreme Court upon that question is *res judicata* on that issue; and that plaintiff is not entitled to collect commissions and renewals after his discharge because the contract does not so expressly provide.

Plaintiff appeals and urges that he is entitled to a trial on the merits of the issue of whether or not he was wrongfully discharged by defendant company; that the comment in the opinion on appeal to the effect that defendant company was justified in discharging plaintiff was not decisive of any issue properly before the court and does not control a subsequent action on another cause of action arising out of the same contract.

In the first case the question of whether plaintiff was wrongfully discharged was pleaded and con-

tested. The trial court in that case made no finding of fact upon this question. He stated:

"I don't decide whether there is a breach or not. I don't decide where the breach is. It might be impossible of performance, which would terminate it or suspend it or something of that sort. I am not deciding whether there was a breach. If there is a breach there is, in my opinion, no competent evidence of any damage sustained as a result of the breach."

But our opinion on appeal stated:

"We find no valid excuse for his failure to perform or at least make a good-faith effort to perform his work as a field organizer for defendant. He breached his contract, and defendant was justified in discharging him and canceling the contract."

Upon review we are of the opinion that our statement to the effect that plaintiff breached his contract was an expression of our opinion and unnecessary to a determination of the issues involved in that case. The question of whether plaintiff was rightfully or wrongfully discharged was not decided in the first case. In the case at bar the matter came before the trial court on a motion to dismiss plaintiff's declaration. No testimony was taken.

It is a well-established rule that the right of an insurance agent to commissions on renewal premiums depends upon the contract existing between the agent and the insurance company, or one of its general agents. See 79 A. L. R. 475.

In *Locher* v. *New York Life Insurance Co.,* 200 Mo. App. 659, 673 (208 S. W. 862), it is said:

"So that the decided weight of authority leads to the conclusion that, unless it is expressly stipulated or clearly to be gathered by the contract, the agent's right to commissions on renewals is to continue on

renewals falling in after the term of his employment, he is not entitled to commissions on renewals received or falling in after the expiration of his agency. The right of the agent to commissions on renewals collected or falling in after the end of his agency, can rest only on express terms in his contract, or be necessarily drawn from an interpretation of that contract as a whole. This must be so, for the right to commissions on renewals rests, in part, on the consideration of the services by the agent to the company in keeping the policies written by him alive."

See, also, *Security Life Ins. Company of America v. McCray,* 124 Ark. 202 (186 S. W. 819).

The right of an agent to collect renewal premiums after his discharge without cause came up in *Kyselka v. Northern Assurance Co. of Michigan,* 194 Mich. 430. We there said:

"Defendant cannot through a formal discharge for an insufficient reason deprive plaintiff of the just fruits of his labors for upwards of four years."

See, also, *Kyselka v. Northern Assurance Co. of Michigan,* 208 Mich. 47.

In the case at bar, the agreement provided that it would be in effect as long as the field organizer should exert his best efforts in his employment. The discharge of plaintiff brings into issue the question of whether he was rightfully or wrongfully discharged. Plaintiff is entitled to a determination of this issue. The trial court was in error in dismissing plaintiff's declaration upon motion and without trial.

The cause is remanded to the circuit court of Wayne county for a trial of the issues raised in the pleadings. Plaintiff may recover costs.

CARR, C. J., and BUTZEL, BUSHNELL, BOYLES, REID, NORTH, and DETHMERS, JJ., concurred.