GOODENOUGH *v.* DEPARTMENT OF REVENUE.

ON APPLICATION FOR REHEARING.

1. TAXATION—INCOME FROM INTANGIBLES WITH OUT-OF-STATE SITUS.
   This State has a right to tax the income received by one of
   its residents from profit-producing intangibles having a
   situs out of the State (CL 1948, § 205.131 *et seq.*).

2. SAME—INTANGIBLES—GROSS INCOME.
   The levy of the tax upon Michigan residents on their equitable
   interest in intangibles with an out-of-State situs, based on
   "the gross income including taxes, charges and other de-
   ductions which may be made therefrom," is not violative
   of the provision of the Constitution that a specific tax be uni-
   form upon the class upon which it operates, since gross in-
   come received from an intangible is an indication of value
   (Const 1908, art 10, § 4; CL 1948, § 205.131[d]).

3. APPEAL AND ERROR—REHEARING—CORRECTION OF JUDGMENT—IN-
   TEREST.
   Judgment for taxes previously ordered entered on original
   hearing is ordered corrected by repayment to plaintiff with
   interest at 5 per cent. per annum of amount which it is ad-
   mitted was improperly included.

4. COSTS—CONSOLIDATED CASE.
   No costs are allowed in companion case consolidated for trial,
   appeal and rehearing where treatment accorded is like that
   in case with which it was consolidated.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 27 Am Jur, Income Taxes, § 185.
[1] State income tax on resident in respect of income earned out-
    side the State. 87 ALR 380.
[1] Income of residents and domestic corporations (State income tax
    in respect of business that extends into other States). 130 ALR
    1186.
[2] 27 Am Jur, Income Taxes, § 7.

Appeal from Court of Claims; Westin (Edward A.), J., presiding. Submitted April 4, 1950. (Docket No. 4, Calendar No. 44,583.) Decided June 5, 1950. Rehearing denied October 2, 1950.

Separate actions by Margaret B. Goodenough and Florence H. Brooks against State of Michigan and Department of Revenue to recover taxes paid under protest. Cases consolidated. Judgments for defendant. Plaintiffs appeal. Reversed and remanded for entry of judgment. On denial of application for rehearing amount of judgment to be entered on remand corrected.

*Daniel W. Goodenough,* for plaintiffs.

*Stephen J. Roth,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *T. Carl Holbrook* and *Daniel J. O'Hara,* Assistants Attorney General, for defendant.

*Amici Curiae:*
*Dickinson, Wright, Davis, McKean & Cudlip.*

ON APPLICATION FOR REHEARING.

PER CURIAM. Our former opinion rendered in this cause is reported, *ante,* 56. A motion for rehearing has been made by plaintiff Margaret B. Goodenough. Plaintiff and defendants have each filed a brief. They agree and we admit that in stating the factual situation there was in our former opinion an inaccuracy which resulted in our ordering judgment for plaintiff in a wrong amount. In substance we stated that by reason of there having been included in computing plaintiff's intangibles tax a claimed or alleged interest in the nonprofit-producing intangibles which were owned and held by the Pennsylvania

trustees, plaintiff's tax was increased in the amount of $21.58. Such was not the fact. Instead, the resultant increase was $7.09. The items of the tax constituting the total of $21.58 were as follows:

| | |
|---|---|
| Item 1—Tax on plaintiff's individually owned intangibles | $19.39 |
| Item 2—Tax computed on the erroneous assumption of plaintiff having some beneficial interest in the nonprofit-producing intangibles belonging to the trust | 7.09 |
| Item 3—Plaintiff's tax computed at 3 per cent. on 1/9 of the gross income from the profit-producing intangibles | 15.10 |
| Total .............. | $41.58 |
| Less deduction (CL 1948, § 205.133 [Stat Ann 1950 Rev § 7.556(3)]) | 20.00 |
| Amount of tax............. | $21.58 |

In view of the foregoing, and notwithstanding plaintiff's contention to the contrary, our former holding that plaintiff should recover the full amount of $21.58 was erroneous. The issue presented may be narrowed down as follows:

No sound reason is advanced for challenging the validity of item 1 above noted;

Defendants now admit that assessment of the portion of the tax noted above in item 2 was illegal;

Hence there remains only the controversy as to the validity of that portion of the tax noted above in item 3.

The following is quoted from plaintiff's original brief:

"It is conceded at the very outset that a tax may be assessed by the State of Michigan against appel-

lant's right to net income in a trust estate located in Pennsylvania  *  *  *  This right (to share in the profits of the Pennsylvania trust) has value as property and its benefits are enjoyed in Michigan. There can be no question that a proper tax with the proper measure may be levied."

She also says in her brief:

"Appellant agrees that due process does not prohibit double taxation or the taxation of equitable interests.  *  *  *  It is the net income only in which the appellant beneficiary has any right."

As to item 3 plaintiff challenges the validity of the tax solely on the grounds that the measure of the specific tax is rendered invalid because the tax is one on property over which the State of Michigan has no jurisdiction, and that while she has only a 1/9 interest in the *net* income, her tax was computed on 1/9 of the *gross* income from the profit-producing intangibles. She asserts that by so computing the tax she was deprived of property without due process of law, in violation of the United States Constitution, am 14, § 1, and article 2, § 16, of the State Constitution (1908).

The applicable portions of the statute provide: "That for the purpose of computing the tax imposed under this act, the gross income, including taxes, charges and other deductions which may be made therefrom, shall be the basis upon which the tax shall be measured." CL 1948, § 205.131(d) (Stat Ann 1950 Rev § 7.556 [1] [d]). And "the tax on income-producing intangible personal property shall be 3 per cent. of the income." CL 1948, § 205.132 (Stat Ann 1950 Rev § 7.556[2]). The precise issue presented is this: Was item 3 of plaintiff's intangibles tax invalidly computed because the yardstick used in the computation was 3 per cent. of the *gross* income? We think not. The tax imposed is a spe-

cific tax, not an ad valorem tax. *Shivel* v. *Kent County Treasurer*, 295 Mich 10; *Shapero* v. *Department of Revenue*, 322 Mich 124. The Michigan Constitution (1908), art 10, § 4, provides: "The legislature may by law impose specific taxes, which shall be uniform upon the classes upon which they operate." No lack of uniformity resulted from using as a yardstick gross income in computing the tax on plaintiff's beneficial interest in the income-producing intangibles. The tax is so computed on intangibles as to which the legal title is held by Michigan residents regardless of expenses that may be incurred incident to such ownership. No valid reason appears for not using the same method in computing the tax when, as in the instant case, the taxpayer, a Michigan resident, has only an equitable interest in the profit-producing intangibles. In her brief appellant states: "Gross income received from an intangible" is an indication of value. There has not been made apparent in the instant case any valid reason for holding the intangibles tax act as amended* unconstitutional.

Since plaintiff's application for a rehearing was filed our further consideration of the instant case has confirmed our former holding that except as to item 2 above noted plaintiff's tax was properly computed and is a valid tax; but that item 2 in the amount of $7.09 was improperly included in the computation. The case is remanded to the court of claims for reversal of the judgment there entered of no cause for action and the entry of a judgment for plaintiff in the amount of $7.09, with interest from the date of payment at 5 per cent. per annum. Plaintiff may have taxable costs of both courts.

The companion case of Florence H. Brooks v. State of Michigan, in which a motion for rehearing

---

* PA 1939, No 301, as amended (CL 1948, § 205.131 *et seq.* [Stat Ann 1950 Rev § 7.556(1) *et seq.*]).

was also made, is likewise remanded to the court of claims for entry of judgment for plaintiff in a like amount, but without costs.

BOYLES, C. J., and REID, NORTH, DETHMERS, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.