TYLER v. DEPARTMENT OF REVENUE.

1. TAXATION—INTANGIBLES—BURDEN OF SHOWING REASONABLENESS OF ASSESSMENT.

Under the intangible tax law the burden is on the State to show that the assessments made thereunder were not arbitrary in taxpayer's action to recover taxes paid under protest, where record fails to show the nature or extent of the corpus of the nonresident testamentary trust (Act No. 301, Pub. Acts 1939, as amended by Act No. 233, Pub. Acts 1941).

2. SAME—INTANGIBLES—SITUS.

Intangibles in the custody of a nonresident trustee have no legal situs for taxation in this State and cannot be brought here under the legal fiction *mobilia sequuntur personam.*

3. TRUSTS—SITUS OF CORPUS OF NONRESIDENT TRUSTEE.

The situs of the corpus of a testamentary trust bequeathed to nonresident trustee by nonresident testator is in the State of the testator's and trustee's residence and cannot be changed by the *cestui que trust.*

4. TAXATION—INTANGIBLES—NONRESIDENT IMPERATIVE TRUST.

Testator's daughter, a resident of this State, who is the *cestui que trust* of a nonresident testamentary imperative trust of the net income for her life is not subject to the intangible tax law of this State for tax on intangible assets in the hands of the trustee where both testator and trustee were nonresidents, since such intangible assets have no situs in this State (Act No. 301, Pub. Acts 1939, as amended by Act No. 233, Pub. Acts 1941).

5. COSTS—PUBLIC QUESTION—SITUS OF NET INCOME UNDER NONRESIDENT IMPERATIVE TRUST.

No costs are allowed in action to recover intangible tax paid under protest by resident *cestui que trust* of net income for life on intangible assets of imperative trust with nonresident situs, a public question being involved (Act No. 301, Pub. Acts 1939, as amended by Act No. 233, Pub. Acts 1941).

Appeal from Bay; McCormick (James L.), J. Submitted November 16, 1944. (Docket No. 84, Calendar No. 42,670.) Decided April 9, 1945. Rehearing denied June 29, 1945.

Assumpsit by Nina Kuhl Tyler against State of Michigan and its Commissioner of the Department of Revenue to recover taxes paid under protest. Judgment for defendants. Plaintiff appeals. Reversed and remanded for entry of judgment for plaintiff.

*Hand & Hand,* for plaintiff.

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *G. Douglas Clapperton* and *Daniel J. O'Hara,* Assistants Attorney General, for defendants.

*Paul Franseth (Daniel W. Goodenough,* of counsel), *amici curiae.*

*Butzel, Eaman, Long, Gust & Kennedy, amici curiae,* on application for rehearing.

Wiest, J. Plaintiff is a resident of Bay City, this State, and the mother of living children. Her father was a resident of the State of Illinois where he died, February 5, 1927, leaving a will which was admitted to probate in that State. The will, executed in 1923, in Illinois, after stating one special bequest, devised and bequeathed the residue of his estate to the —

"First Trust & Savings Bank of Peoria, Illinois, in trust, however, for the use and purposes following:

"It shall hold, control, manage, invest and reinvest my said estate in such manner as it shall deem

for the best interests of said estate and my said trustee is hereby given, and shall have, as full and ample rights, powers and authority to do any and everything that shall in its judgment be necessary or advisable to conserve, protect, manage, handle and control the said estate, including the right to lease, sell, convey, exchange, invest and reinvest and to execute any and all contracts, deeds, leases, releases and any and all other instruments which said trustee may deem necessary to the execution of the trust as fully and for all purposes as I might or could if living and acting in the premises and without the aid or authority of any court. My said trustee shall pay over the net income arising from said trust estate, after paying the expenses of maintenance, management and administration thereof, including compensation of said trustee, to my daughter, Nina Kuhl Tyler, during her life, quarter-annually, for her sole use and benefit. * * *

"After the death of my said daughter, Nina Kuhl Tyler, if she dies after my death, then the said trustee shall continue to hold the said trust estate for the benefit of said Neenah H. Tyler, Theodore K. Tyler and Frank Elliott Tyler, children of my said daughter, Nina, and shall distribute and pay over the net income arising from said estate to said children equally, share and share alike, quarter-annually, for the sole use and benefit of each of them."

The will provided for distribution in case of death of any of the grandchildren and, ultimately, for final distribution of the estate to parties designated.

Plaintiff, for the year 1940, paid $79.45, representing the intangible tax as reported by her.

Probate of the estate of the testator has been completed and the residue comprising said estate assigned to the First Trust & Savings Bank of Peoria, of Peoria, Illinois, in trust for the purposes and upon the conditions as stated in his will and the trustee is now administering the trust estate in

accordance with the terms of the testamentary trust contained in the will.

The tax commission determined plaintiff was liable for an additional intangible tax for the year 1940 in the amount of $417.75, plus interest at the rate of six per cent. per annum from March 1, 1941. In March, 1942, she filed an intangible tax return for the year 1941, and paid $529.61. This amount represented $389.97, in addition to the tax she had paid. In March, 1943, she filed an intangible tax return for the year 1942, and paid the sum of $413.82, which was $286.03 in excess of the tax she had formerly paid. These excess payments were made under protest, and under the provisions of the intangible tax statute she was given the right to bring suit to recover, if entitled thereto, the excess payments.

She brought suit for such purpose in the Bay county circuit court and upon denial of her right of recovery she prosecutes this appeal.

We are not informed by the record of the nature or extent of the corpus, tangible or intangible, of the estate vested in the trustee, in its possession and under its management in the State of Illinois. It, therefore, would appear that the assessments mentioned were arbitrary and it is no answer by the State to claim that the burden was on plaintiff to show that the amounts of the assessments were unfounded in fact. What we say about the law governs this case.

The case involves the legitimate reach of the specific tax upon equitable rights of the life testamentary beneficiary in intangible property in Illinois under Act No. 301, Pub. Acts 1939, as amended by Act No. 233, Pub. Acts 1941 (Comp. Laws Supp. 1940, 1943, § 3658–1 *et seq.,* Stat. Ann. 1944 Cum. Supp. § 7.556 [1] *et seq.*).

The will created an imperative trust. The testamentary devise to the children vested an interest to the extent thereof upon the death of testator, with right of enjoyment only delayed until death of the initial life beneficiary. This vested the full corpus of the trust estate. May the intangible value of plaintiff's testamentary beneficial interest, if any, in the trust estate be considered an intangible at the situs of her domicile in Michigan?

Defendant contends:

"The tax is not levied upon the corpus of the Illinois trust, but it is imposed solely on appellant's equitable interest in the intangibles constituting that trust estate."

Plaintiff's equitable interest under the testamentary bequest she claims relates only to the right to receive the net proceeds from the administration of the corpus of the trust estate in Illinois, whether tangible or intangible, without possession or control by her, and only in case of maladministration by the trustee could she apply to a court of equity, and that would have to be done in Illinois.

The turning point in the case is the compass of the definition by the legislature of an "owner" of intangible assets and judicial determination of the legal compass of such legislative definition.

The mentioned act of 1941 contains this definition:

"SECTION 1. * * * (i). The word 'owner' means any person who: * * * is the beneficiary of an inter vivos or testamentary trust, but only to the extent that such trust embraces intangible personal property where there is more than 1 beneficiary, the person who is entitled to the present enjoyment of the trust property shall be deemed to be the 'owner.' * * * Where there is more than 1 beneficiary, only some of which are entitled to the present en-

joyment of the trust property, those beneficiaries who are so entitled shall be deemed the 'owners.' ''

The mentioned act of 1939 termed equitable interests in certain classes of intangible property taxable but, ''Intangible personal property owned by a person domiciled in Michigan, but used in connection with business carried on or transacted outside of this State and being taxed at the place where such business is carried on or transacted shall not be deemed to have a situs in this State.''    (Sec. 1 [c])

It is stipulated that the trustee in Illinois has paid taxes on the corpus of the trust estate.

The will vested full power over the corpus of the estate in the trustee, subject to carrying out the terms of the will.   The intangibles in the custody of the trustee have no legal situs for taxation in Michigan and cannot be brought here under the legal fiction, *mobilia sequuntur personam.*  The actual situs of the corpus of the estate, tangible or intangible, is in Illinois and cannot be changed by the *cestui que trust.*  See *Safe Deposit & Trust Company of Baltimore* v. *Virginia,* 280 U. S. 83 (50 Sup. Ct. 59, 74 L. Ed. 180, 67 A. L. R. 386).

Plaintiff has no equitable interest, taxable as such, as intangible property possessed by her in Michigan, and the intangible tax statute, under the definition of owner, does not and cannot impose upon plaintiff the fiction of an ownership of intangible assets in the hands of the trustee in Illinois and require her to pay an intangible tax thereon upon a theory contrary to fact.

Counsel for defendants cite *Shivel* v. *Kent County Treasurer,* 295 Mich. 10, and claim it is decisive of the case at bar.  Under the facts in the case before us we do not think the *Shivel Case* is at all decisive. Many cases have been examined and we fail to find

any establishing an exact precedent for decision of this case.

The judgment in the circuit court is reversed and the case remanded for entry of judgment in favor of plaintiff to the amount of the excess taxes she has been required to pay, together with interest thereon. A public question being involved, there will be no costs.

Starr, C. J., and Butzel, Bushnell, Sharpe, and Reid, JJ., concurred with Wiest, J. North and Boyles, JJ., concurred in the result.