328 Mich. 57 (1950)
43 N.W.2d 235
GOODENOUGH
v.
DEPARTMENT OF REVENUE.
Docket No. 4, Calendar No. 44,583.
Supreme Court of Michigan.
Decided June 5, 1950.
Rehearing denied October 2, 1950.
Daniel W. Goodenough, for plaintiffs.
Stephen J. Roth, Attorney General, Edmund E. Shepherd, Solicitor General, T. Carl Holbrook and Daniel J. O'Hara, Assistants Attorney General, for defendant.
Amici curiae: Dickinson, Wright, Davis, McKean & Cudlip.
NORTH, J.
After having paid an intangibles tax under protest, plaintiff, Margaret B. Goodenough, brought suit in the court of claims for a refund. Judgment was entered for defendants, being the State of Michigan, the department of revenue of Michigan, and Louis M. Nims, commissioner. Leave having been granted, plaintiff has appealed. The material facts are quite fully summarized as follows in the opinion filed by the circuit judge:
"In 1919 Lawrence S. Holt, a resident of the District of Columbia and never a resident of the State of Michigan, now deceased, established two inter vivos [irrevocable] trusts [of intangible securities] in Pennsylvania to be administered by Pennsylvania corporate trustees in Pennsylvania, as its situs, for the benefit of his children and grandchildren. The terms of the trust agreements are identical. The trustees are given full legal title and full management *59 and control of the principal, and none of the beneficiaries is given any power in regard thereto. The net income is to be distributed equally six times each year between the settlor's children and grandchildren living at such times. At the expiration of 20 years after the decease of the last survivor of the children and grandchildren living at the establishment of the trust, the principal is to be transferred outright in equal shares to the settlor's then living grandchildren born after the establishment of the trust and to the issue per stirpes of each deceased grand child. The settlor expressly declared that the beneficiaries' shares of principal and income shall not be subject to `their anticipation, sale, pledge, debts, contracts, engagements or liabilities, and not subject or liable to attachment or sequestration under any legal or equitable or other process.' The trustee is not given the power to pay out any part of the principal to any beneficiary except upon the termination of the trust, as above stated.
"The trust administration and the trust securities are wholly and permanently outside the State of Michigan. The investments made by the Pennsylvania trustees are evidenced by bonds, certificates of stock and other paper physically located outside the State of Michigan."
Plaintiff, a granddaughter of the settlor living at the time (1919) he established the 2 trusts here involved, was and is a resident of Michigan. She has neither actual nor equitable ownership, nor any right of control or management, of the corpus of the trust or any part thereof. The tax involved was for substantially one-third of a year  June 6, 1947, the effective date of the 1947 amendment to the intangibles tax law, to September 30, 1947, which marked the end of the trustees' fiscal year.
Plaintiff received one-ninth of the net income from the 2 Pennsylvania trusts. She concedes that a tax may be justly assessed against her "right to net income *60 in a trust estate located in Pennsylvania," since such "right has value as property and its benefits are enjoyed in Michigan." The basis of plaintiff's asserted right to a refund is that in fixing the amount of her tax the computation was not confined to her net income from the trust estates. Instead, the amount of plaintiff's tax was increased by including in the basis of computation an alleged ownership of or beneficial interest in the assets of the trusts including the nonprofit-paying assets thereof. In that respect plaintiff claims a violation of her constitutional rights in that she is deprived of property without due process of law because she is "being taxed in respect to property which she does not own in fact or in law and as to which the State of Michigan has no jurisdiction in fact or in law. The (intangibles tax) act[*] purports to tax plaintiff's interest as a beneficiary under 2 Pennsylvania trusts, but, on a theory contrary to fact for the purpose of describing the object and measure of the tax, enlarges her interest to include rights not owned by her and not within the jurisdiction of the State of Michigan. The bare fact that a resident beneficiary's only right is to receive net income from an out-of-State trust, if she is living on the specified dates of income distribution, does not make her the `owner,' in fact or in law, of the separate intangibles comprising the out-of-State trust and thus taxable on each separate intangible."
The conditions essential for imposing and the method of computing the intangibles tax, so far as herein applicable, are provided in the statute as follows:
"Sec. 2. * * * For the calendar year 1940, and for each year thereafter or portion thereof there is hereby levied upon each resident or nonresident *61 owner of intangible personal property not hereinafter exempted having a situs within this State, and there shall be collected from such owner an annual specific tax on the privilege of ownership of each item of such property owned by him. Except as hereinafter provided the tax on income producing intangible personal property shall be 3 per cent. of the income but in no event less than 1/10 of 1 per cent. of the face or par value of each item (or in the case of corporate stock or other evidence of corporate ownership having no par or face value, of the average per share contribution to capital, surplus and other funds in consideration of which all of the then outstanding shares of stock of the same class of such corporation shall have been issued). Except as hereinafter provided the tax on nonincome producing intangible personal property shall be 1/10 of 1 per cent. of said face, par or contributed value." CL 1948, § 205.132 (Stat Ann 1950 Rev § 7.556 [2]).
As to the statutory meaning of "intangible personal property," "situs," and "owner," the pertinent provisions are:
"Sec. 1. That when used in this act: * * *
"(b) The term `intangible personal property' means: Moneys on hand or on deposit or in transit, shares of stock, * * * annuities; accounts and notes receivable, * * * conditional sale contracts receivable, and other obligations for the payment of money; equitable interest in any of the foregoing classes of intangible personal property, including interest of beneficiaries under trusts whether created inter vivos or by will; * * *
"(c) The `situs' of intangible personal property for the purpose of taxation under the provisions of this act shall be the domicile of the owner thereof, except that any intangible personal property, not otherwise exempt under the laws of this State, owned by a person having his domicile outside of this State but used in connection with or acquired from the conduct *62 of his business in Michigan, or placed in the hands of a manager or agent in Michigan to the extent that such intangible personal property is invested in a course of repeated transactions in obligations of persons residing in Michigan or secured by property located in Michigan, shall be deemed to have a situs at the place of business, or where such manager or agent resides, as the case may be, within this State: Provided * * * intangible personal property owned by a person domiciled in Michigan, but used in connection with or acquired from the conduct of his business outside of Michigan, or placed in the hands of a manager or agent outside of Michigan to the extent that such property is invested in a course of repeated transactions in obligations of persons residing outside of Michigan, and being taxed as personal property or intangible personal property at the place where such business is carried on or transacted or where such manager or agent acts or resides shall not be deemed to have a situs in Michigan. * * *
"(i) The word `owner' means any person who: (1) Has both the entire legal and equitable interest in intangible personal property or both a legal and equitable estate therein which entitles him to the present enjoyment thereof; * * * (3) is the beneficiary of an inter vivos or testamentary trust, but only to the extent that such trust embraces intangible personal property. * * * A beneficiary domiciled in this State shall be taxable irrespective of the State or other jurisdiction of the creation or administration of said trust." CL 1948, § 205.131 (Stat Ann 1950 Rev § 7.556[1]).
By defendants having included as an element in the computation of plaintiff's tax her one-ninth alleged beneficial interest in nonprofit-paying intangible assets of the 2 Pennsylvania trusts, her tax paid under protest was increased in the amount of $21.58. The uncontroverted facts which have a *63 material bearing on defendants' right to so compute plaintiff's intangibles tax are as follows:
(1) The intangibles constituting the corpus of the trusts are owned and controlled solely by the trustees. The evidence of the intangibles remained at all times in Pennsylvania. None of the trustees ever resided in Michigan, nor did the settlor.
(2) The trusts have their situs in Pennsylvania. They were created under Pennsylvania law, and none of the trust investments have ever been made in Michigan.
(3) Plaintiff is a resident of Michigan, but she does not have, and under the trusts she never can have, any right of ownership, either legal or equitable, in the assets of these trusts, nor any control over the management of the trusts. In event of malfeasance or misfeasance on the part of the trustees, plaintiff's only recourse would be to the Pennsylvania courts. The State of Michigan has not nor can it render plaintiff any benefit or protection incident to the execution of the trusts or to securing payment of her proportionate share of the net income.
(4) Plaintiff's only beneficial interest in the trusts is her right to share on the basis of one-ninth in the net income.
Defendants admit that under the provisions of the intangibles tax act as it was prior to the 1947 amendment, the tax herein involved could not be sustained in view of the holding of this Court in Tyler v. Department of Revenue, 311 Mich 698. But defendants contend that under and because of the amendments to the statute made by PA 1947, No 175, to which we are about to direct attention, the tax which plaintiff contests was validly imposed as a "privilege" tax.
By PA 1947, No 175, there was inserted in the body of the act the following provisions, which we *64 have italicized in the pertinent statutory provisions herein before quoted: Section 1, paragraph (b)  "including interest of beneficiaries under trusts whether created inter vivos or by will;" and there was also added to section 1, paragraph (i)  "A beneficiary domiciled in this State shall be taxable irrespective of the State or other jurisdiction of the creation or administration of said trust." In view of the above, decision in the instant case must turn upon whether under the statute as amended the contested tax was validly imposed. In this connection it should also be noted that by PA 1945, No 165, an appropriate amplification of the title to the intangibles tax statute was made, and in the fifth line of section 2 there was inserted  "the privilege of ownership of."
No decision of a court of last resort has been found which in its factual background and legal issues raised is on all fours with the instant case. Each of the respective litigants in this case has cited numerous decisions; but practically all, if not all, of the cited decisions differ from the instant case in that they have a materially different factual background, or that, unlike the instant case, they involve a property (ad valorem) tax, an inheritance tax, a transfer tax, a tax on the corpus of a trust located in a foreign State, or the like.
The basic issue herein presented may be clarified by noting that the intangibles which constitute the corpus of each of these trust estates are composed of two distinctly separate classes or types as to which the tax was separately imposed  i.e., part are profit producing; and part are nonprofit producing. As already observed plaintiff concedes liability for an intangibles tax computed upon her share of the net income on the profit-producing intangibles. But plaintiff contests the tax imposed on her insofar as the computation of such tax is based upon an alleged *65 legal or equitable beneficial interest of plaintiff in the nonprofit-producing intangibles, which tax is measured by a percentage of the statutory value of such nonprofit-producing intangibles  i.e., 1/10 of 1 per cent. of the face value, par or contributed value.
Under the facts of the instant case the trustees are the "owners" of the intangibles which constitute the corpus of the respective trusts. Subject to certain exceptions not material to decision herein, the intangible personal property tax act in section 1(c) provides: "The `situs' of intangible personal property for the purpose of taxation under the provisions of this act shall be the domicile of the owner thereof." In his work on taxation, Justice COOLEY has said:
"The situs of personal property held by a trustee, for purposes of taxation, is the State or district where the trustee is domiciled; and this includes intangible as well as tangible personal property in his possession. * * * The legislature has power to fix the situs of trust property at the residence of the beneficiary, but the legislature cannot fix the situs of personal property located outside the State in the hands of a nonresident trustee, it seems, in the State where the beneficiary resides." 2 Cooley on Taxation (4th ed), § 469.
Notwithstanding the case involved a property tax rather than a privilege tax, we think with equal force (and slight modifications indicated) the following is applicable to the instant case:
"Here, where the possessor of the legal title holds the securities in Maryland [Pennsylvania], thus giving them a permanent situs for lawful taxation there, and no person in Virginia [Michigan] has present right to their enjoyment or power to remove them, the fiction [of situs] must be disregarded. It plainly conflicts with fact; the securities did *66 not and could not follow any person [a beneficiary] domiciled in Virginia [Michigan]. Their actual situs is in Maryland [Pennsylvania] and can not be changed by the cestuis que trustent." Safe Deposit & Trust Company of Baltimore v. Commonwealth of Virginia, 280 US 83, 92 (50 S Ct 59, 74 L ed 180, 67 ALR 386).
In a suit which involved a franchise tax exacted for the privilege of doing business in the State which sought to collect the tax from a foreign corporation, which we think is equally applicable to a trust located in a foreign State, the supreme court of the United States said:
"But the due process clause denies to the State power to tax or regulate the corporation's property and activities elsewhere. (Citing numerous cases.)" Connecticut General Life Ins. Co. v. Johnson, 303 US 77 (58 S Ct 436, 82 L ed 673).
In a comparatively recent case we have held:
"Intangibles in the custody of a nonresident trustee have no legal situs for taxation in this State and cannot be brought here under the legal fiction mobilia sequuntur personam." Tyler v. Department of Revenue (syllabus), supra.
But as before noted, defendants take the position that under the amended statute the tax imposed on plaintiff is a privilege tax, and therefore it can be imposed at the situs of plaintiff's domicile  i.e., in Michigan. The United States supreme court has said:
"The name by which the tax is described in the statute is, of course, immaterial. Its character must be determined by its incidents." Dawson v. Kentucky Distilleries & Warehouse Co., 255 US 288 (41 S Ct 272, 274, 65 L ed 638).
*67 It becomes important to consider what "privilege," if any, plaintiff possesses in consequence of which this tax may be assessed on the basis of the statutory value of nonincome-producing intangibles having their situs in Pennsylvania. Under the facts as hereinbefore stated, what "beneficial interest" has plaintiff in such nonprofit-producing intangibles? Instead of possessing a "privilege" or having a "beneficial interest" pertinent to the nonprofit-producing intangibles, the only result in the instant case is that plaintiff is assessed an additional tax. Since there is in fact no "privilege" resulting to plaintiff, it is obvious that an essential element of the privilege tax computed on a percentage basis of the value of nonprofit-producing intangibles is entirely lacking. It is elementary that one may not be taxed on the fallacious assumption of his being possessed of possessions which he does not possess.
It seems pertinent to add the following. If, under the factual situation in the instant case, the tax imposed on plaintiff, insofar as it is based on either an assumed equitable or legal beneficial interest in the nonprofit-producing intangibles, were to be upheld, the essential reasoning would lead to a rather absurd result. For example, if the trusts produced no net income and in consequence plaintiff received no benefit, still she would have to pay a "privilege" tax computed on the basis of 1/10 of 1 per cent. of the statutory value of the nonprofit-producing intangibles  i.e., the face, par or contributed value. To hold that paying such a tax is a "privilege" would be a self-evident fallacy. One may not be taxed on the basis of a fallacious assumption that he possesses a privilege or benefit which in fact he does not possess.
We find nothing in the decisions relied upon by appellees, (including Shivel v. Kent County Treasurer, 295 Mich 10; Curry v. McCanless, 307 US 357 *68 [59 S Ct 900, 83 L ed 1339, 123 ALR 162]; and Graves v. Elliott, 307 US 383 [59 S Ct 913, 83 L ed 1356]) in support of their contention that this tax was validly imposed, which militates against, or is in derogation of, our holding herein.
It is not essential to decision in the instant case, nor do we deem it advisable, that we should pass upon the constitutionality of the provisions which by the 1947 amendment were inserted in the statute, and perforce of which defendants assert validity of the tax here involved. It is possible that under a different factual condition the statute as amended might be deemed valid and applicable. Our decision herein is confined to holding that insofar as the amount of plaintiff's intangibles tax was computed on the basis of plaintiff having a beneficial interest in the corpus of each of the trusts, under the facts of this case, the tax was based upon a fallacious assumption and unlawfully imposed.
Decision in the companion case of Florence H. Brooks v. State of Michigan, et al., which arose on identical facts and presents like legal issues, by stipulation in the trial court was consolidated with the instant case and is controlled by our decision herein. The judgment entered in the court of claims is reversed and the case remanded for entry of judgment for plaintiff in the amount of $21.58, and interest at 5 per cent. per annum from the date of payment, March 31, 1948, together with costs of both courts. In the companion case a judgment may be entered for plaintiff therein in the sum of $22.19, and interest at 5 per cent. per annum from March 31, 1948, but without costs.
BOYLES, C.J., and REID, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred with NORTH, J. DETHMERS, J., concurred in the result.
NOTES
[*] PA 1939, No 301, as amended (CL 1948, § 205.131 et seq. [Stat Ann 1950 Rev § 7.556(1) et seq.]).