## SHIVEL v. KENT COUNTY TREASURER.

1. TAXATION—SECURED    DEBTS—INTANGIBLES—CONSTRUCTION    OF
STATUTES.

    Fact that tax which plaintiff sought to pay under secured debts
    tax law was a specific tax is not determinative of nature of
    tax payable under the intangibles tax law which repealed the
    former tax law (1 Comp. Laws 1929, §§ 3654-3658; Act No.
    301, Pub. Acts 1939).

2. STATUTES—TITLE OF ACT—PURPOSE.

    The title to an enactment is required to be expressive of the
    purpose and scope of the enactment and if a provision comes
    fairly within and is reasonably a component part of the pur-
    pose expressed, the provision is not an interloper but a part of
    the enactment and so proper as to be expected therein.

3. SAME—INTANGIBLES TAX ACT—SUFFICIENCY OF TITLE OF ACT.

    The title of the intangibles tax law stating that it was, "an act
    to provide for the imposition and the collection of a specific
    tax upon the ownership of intangible personal property; to
    provide for the disposition of the proceeds thereof; to prescribe
    the powers and duties of the State tax commission with respect
    thereto; to prescribe penalties; to make an appropriation to
    carry out the provisions of this act; and to repeal all acts and
    parts of acts inconsistent with the provisions of this act," is
    comprehensive of the provisions embodied in the act, and suffi-
    ciently expresses the purpose of the act (Act No. 301, Pub.
    Acts 1939).

4. TAXATION—LEGISLATURE—CONSTITUTIONAL LAW.

    The power to levy taxes for governmental needs is in the legis-
    lature subject only to limitations and regulations found in the
    Constitution.

5. SAME—INTANGIBLES—SPECIFIC TAXES—UNIFORMITY.

    The tax levied under the intangibles tax act is specific, being
    levied directly by legislative enactment upon ownership of
    designated personal property, and is not arbitrary, discrimina-
    tory or inequitable, nor does the rule of uniformity required
    in case of ad valorem taxes apply (Const. 1908, art. 10, §§ 3,
    4; Act No. 301, Pub. Acts 1939).

6. Same—Uniformity—Ad Valorem Taxes—Specific Taxes.

The rule of uniformity as to *ad valorem* taxes, as required by the Constitution, does not extend to property paying specific taxes as the legislature is given authority to impose specific taxes which shall be uniform upon the classes upon which they operate (Const. 1908, art. 10, §§ 3, 4).

7. Same—Intangible Tax Act—Uniformity—Constitutional Law.

The statute imposing on intangible personal property a tax of 6 per cent. of the income therefrom but not less than 1/10 of 1 per cent. nor more than 3/10 of 1 per cent. of the face or par value and of 1/10 of 1 per cent. of face, par or contributed value of nonincome-producing intangible personal property conforms to constitutional requirements as to specific taxes since it is uniform upon the classes upon which it operates (Const. 1908, art. 10, § 4; Act No. 301, Pub. Acts 1939).

8. Same—Constitutional Law—Ad Valorem Assessment at Cash Value—Specific Taxes.

The constitutional provision requiring that property be assessed at its cash value relates to assessments upon the rate bases determined under the constitutional provisions as to *ad valorem* taxes and does not relate to specific taxes imposed by the legislature (Const. 1908, art. 10, §§ 3, 4, 7).

9. Same—Definition of Specific Tax.

A specific tax is one which imposes a specific sum by the head or number, or by some standard of weight or measurement, and which requires no assessment beyond a listing and classification of the subjects to be taxed.

10. Same—Specific Tax—Uniformity.

A specific tax is sufficiently uniform if all persons in a given class are treated alike (Const. 1908, art. 10, § 4).

11. Same—Specific Tax Need Not Be Proportional to Value of Thing Taxed.

A specific tax need not be proportional to the value of the thing taxed (Const. 1908, art. 10, § 4).

12. Same—Intangibles Tax—Exemptions—Uniformity.

Exemptions prescribed by statute imposing a specific tax on intangible personal property do not cause the statute to offend the uniformity requirement as to such taxes (Const. 1908, art. 10, § 4; Act No. 301, Pub. Acts 1939).

13. CONSTITUTIONAL LAW—TAXATION OF LAND AND INTANGIBLES.

The fourteenth amendment to the Constitution of the United States does not require land and intangibles to be taxed at the same rate or by the same tests of value.

14. TAXATION—INTANGIBLES TAX LAW—ADMINISTRATIVE RULES.

The power conferred upon the State tax commission to promulgate rules and regulations under the intangibles tax law, being administrative, is proper if so exercised (Const. 1908, art. 10, § 4; Act No. 301, § 12, Pub. Acts 1939).

15. SAME—INTANGIBLES—STATUTES.

The legislature may, by direct action, impose a specific tax upon designated personal property, such as money in hand, and term the same ''intangible'' for the purpose of statute imposing the tax (Const. 1908, art. 10, § 4; Act No. 301, Pub. Acts 1939).

16. SAME—INTANGIBLES—INCOME BASIS.

The income basis for measuring specific tax on intangible personal property does not constitute it an income tax (Const. 1908, art. 10, § 4; Act No. 301, § 2, Pub. Acts 1939).

17. SAME—DEFINITION OF INCOME TAX.

An income tax is an assessment upon the income of the person and not upon any particular property from which that income is derived.

18. SAME—SPECIFIC TAXES—DISTRIBUTION.

A specific tax may be collected by the State tax commission, even though when collected it be turned over to counties and municipalities and there incorporated and disbursed the same as the *ad valorem* tax (Const. 1908, art. 10, § 4; Act. No. 301, Pub. Acts 1939).

19. SAME—PURPOSE OF SPECIFIC TAXES NEED NOT BE DESIGNATED BY LEGISLATURE.

The legislature, in imposing a specific tax, need not designate the purpose of the tax and direct application of the proceeds to such purpose (Const. 1908, art. 10, § 4).

Appeal from Kent; Hoffius (Cornelius), J. Submitted May 13, 1940. (Calendar No. 41,143.) Decided October 7, 1940.

Mandamus by Bertha E. Shivel to compel Thomas Vidro, Kent County Treasurer, to accept payment of a bond tax tendered under the provisions of Act No. 142, Public Acts of 1913. State Tax Commission intervened as party defendant. Writ denied. Plaintiff reviews by appeal in the nature of certiorari. Affirmed.

*Linsey, Shivel, Phelps & Vander Wal,* for appellant.

*Thomas Read,* Attorney General, *Edmund E. Shepherd* and *Arch M. Black,* Assistants Attorney General, and *Fred N. Searl,* Prosecuting Attorney, for appellees.

*Paul E. Krause,* Detroit Corporation Counsel, *John H. Witherspoon,* Chief Assistant Corporation Counsel, *John G. Dunn,* Assistant Corporation Counsel, *Miller, Canfield, Paddock & Stone, Shaeffer & Dahling, Beaumont, Smith & Harris, Bulkley, Ledyard, Dickinson & Wright, Butzel, Eaman, Long, Gust & Bills, Robert S. Marx, Lawrence Levi, Carl Lunge,* and *Merlin Wiley, amici curiae.*

WIEST, J.    Plaintiff holds a secured pecuniary obligation within the meaning of Act No. 142, Pub. Acts 1913 (1 Comp. Laws 1929, §§ 3654-3658 [Stat. Ann. §§ 7.451-7.455]), and tendered to the treasurer of Kent county the tax thereon required by that act and, upon his refusal to accept the tax on the ground that Act No. 301, Pub. Acts 1939 (Comp. Laws Supp. 1940, §§ 3658-1–3658-18 [Stat. Ann. §§ 7.556(1)–7.556(18)]), imposing a specific tax on intangibles, superseded the old act, petitioned the circuit court for the county of Kent to issue a writ of mandamus.

directing the county treasurer to accept the proffered tax and, upon denial of the writ, prosecutes this appeal in the nature of certiorari.

Plaintiff contends that Act No. 301, Pub. Acts 1939, is void in that it imposes, in point of law, an *ad valorem* tax without the uniformity required by the Constitution of 1908, art. 10, § 3, and without assessment of property at its cash value as commanded by article 10, § 7, of the Constitution; that a specific tax cannot, under the State Constitution, be imposed upon intangible personal property; that, if the act be held to impose a specific tax, it is arbitrary, discriminatory, inequitable, and violates the Constitution of 1908, art. 10, § 4, and that the title to the act does not adequately express its object and, therefore, plaintiff is entitled to pay the tax under Act No. 142, Pub. Acts 1913.

If the tax imposed by the 1939 act is properly specific and not in violation of constitutional mandate, and the title to the enactment is sufficient, the case ends.

It is of passing notice, but not of determinative value, that the tax plaintiff seeks right to pay under the act of 1913 was specific.

Section 1 (b) of Act No. 301, Pub. Acts 1939, imposes a specific tax on intangible personal property such as "accounts receivable, moneys on hand or on deposit or in transit, interest-bearing obligations for the payment of money, including bonds, certificates of indebtedness, debentures, notes, and certificates of deposit, either secured or unsecured, annuities, royalties, shares of stock in corporations, associations, and joint stock companies, certificates of ownership in enterprises conducted for profit (not, however, including partnership agreements), equitable interests in any of the foregoing classes of

intangible property, and any and all other credits and evidences of indebtedness."

The act provides machinery for accomplishment of its purpose and has the following title:

"An act to provide for the imposition and the collection of a specific tax upon the ownership of intangible personal property; to provide for the disposition of the proceeds thereof; to prescribe the powers and duties of the State tax commission with respect thereto; to prescribe penalties; to make an appropriation to carry out the provisions of this act; and to repeal all acts and parts of acts inconsistent with the provisions of this act."

This title, though short, is comprehensive of the provisions embodied in the act.

As said in Re Lewis' Estate, 287 Mich. 179, 183:

"The title to an enactment is required to be expressive of the purpose and scope of the enactment. If the enactment comes fairly within and is reasonably a component part of the purpose expressed in the title it is not an interloper but a part thereof and so proper as to be expected therein."

The title is sufficient.

The power to levy taxes for governmental needs is in the legislature subject only to limitations and regulations found in the Constitution.

The tax is as follows:

"Sec. 2. For the calendar year 1940, and for each year thereafter there is hereby levied upon each owner of intangible personal property not hereinafter exempted having a situs within this State, and there shall be collected from such owner an annual specific tax on each item of such property owned by him. The tax on income producing intangible personal property shall be 6 per cent. of the income but in no event less than one-tenth of 1

per cent. nor more than three-tenths of 1 per cent. of the face or par value of each item (or in the case of corporate stock or other evidence of corporate ownership having no par or face value, of the average per share contribution to capital, surplus and other funds in consideration of which all of the then outstanding shares of stock of the same class of such corporation shall have been issued). The tax on nonincome-producing intangible personal property shall be one-tenth of 1 per cent. of said face, par or contributed value. The value, for the purpose of this section, of any item of property the value of which changes during the year shall be the average value to be computed under such rules and regulations as the commission may adopt. If any item of intangible personal property subject to tax under this subsection is owned by the taxpayer for only a portion of the calendar year the tax levied hereunder shall be reduced in proportion.

"Intangible personal property subject to tax under this act shall be exempt from all general property taxes under the laws of this State."

The act provides for an annual, verified return by the taxpayer showing the personal property subject to taxation thereunder and remittance of the tax thereon.

The tax is specific, being levied directly by legislative enactment upon ownership of designated personal property and cannot be held arbitrary, discriminatory or inequitable, and the rule of uniformity required by the Constitution, art. 10, § 3, in case of *ad valorem* tax, has no applicability.

In *C. F. Smith Co.* v. *Fitzgerald,* 270 Mich. 659, 672, we held:

"The rule of uniformity does not extend to property paying specific taxes. The legislature is given authority to impose specific taxes which shall be

uniform upon the classes upon which they operate. Constitution 1908, art. 10, § 4.''

The tax in question is uniform upon the classes upon which it operates.

Article 10, § 3, of the Constitution provides:

''The legislature shall provide by law a uniform rule of taxation, except on property paying specific taxes, and taxes shall be levied on such property as shall be prescribed by law: *Provided,* That the legislature shall provide by law a uniform rule of taxation for such property as shall be assessed by the State board of assessors, and the rate of taxation on such property shall be the rate which the State board of assessors shall ascertain and determine is the average rate levied upon other property upon which *ad valorem* taxes are assessed for State, county, township, school and municipal purposes.''

That section, under its terms, does not apply to specific taxes.

Article 10, § 7, of the Constitution provides:

''All assessments hereafter authorized shall be on property at its cash value.''

That section relates to assessments upon the rate basis determined under the provisions of article 10, § 3, and not upon a specific tax imposed by enactment of the legislature.

A specific tax is defined in 1 Cooley on Taxation (4th Ed.), p. 143, § 52, as follows:

''A specific tax is one which imposes a specific sum by the head or number, or by some standard of weight or measurement, and which requires no assessment beyond a listing and classification of the subjects to be taxed. A poll or capitation tax is always specific. Property taxes may be either

specific or *ad valorem,* although they are almost invariably *ad valorem* and in some States the Constitution forbids property taxes other than *ad valorem.*"

A specific tax is sufficiently uniform if all persons in a given class are treated alike. *Jasnowski* v. *Board of Assessors,* 191 Mich. 287, 293; *C. F. Smith Co.* v. *Fitzgerald, supra; Union Steam Pump Sales Co.* v. *Secretary of State,* 216 Mich. 261. A specific tax need not be proportional to the value of the thing taxed. *Youngblood* v. *Sexton,* 32 Mich. 406 (20 Am. Rep. 654) ; *Union Steam Pump Sales Co.* v. *Secretary of State, supra.* Exemptions do not offend the uniformity requirement. *C. F. Smith Co.* v. *Fitzgerald, supra.*

The fourteenth amendment to the Constitution of the United States does not require land and intangibles to be taxed at the same rate or by the same tests of value. *Klein* v. *Board of Supervisors,* 282 U. S. 19 (51 Sup. Ct. 15, 73 A. L. R. 679).

In many cases the United States supreme court has pointed out that it is sufficient if all in the same class are treated alike. This is the same requirement as that imposed, in the case of specific taxes, by the Michigan Constitution, art. 10, § 4; that the tax be uniform upon the classes upon which it is imposed, not that it be uniform upon everything, as in the case of an *ad valorem* tax.

After submission of this case we called upon counsel to consider and file briefs on the following questions:

1. Under the Constitution, art. 10, § 4, authorizing the legislature to impose a specific tax, may the legislature clothe the tax commission with the power mentioned in Act No. 301, § 12, Pub. Acts 1939?

2. May the legislature designate otherwise tangible property as intangible for the purposes of the mentioned act?

3. Does the act in some respects tax income and is it, therefore, an income tax contrary to the rejection of such a tax by vote of the people in 1922, 1924, 1934, and 1936?

4. May a specific tax be imposed by the legislature if, when collected by the commission, it be turned over to counties and municipalities and there incorporated and disbursed the same as the *ad valorem* tax?

5. Must the legislature, in imposing a specific tax, designate the purpose and direct application of the proceeds to such purpose?

6. Is money in hand intangible personal property?

7. Does the provision in section 2 of the act, which provides: "The tax on income producing intangible personal property shall be six per cent. of the income," impose a tax on income?

The questions have been briefed and we now make the following holdings with respect thereto:

Question 1. The power granted is administrative and proper if so exercised.

Questions 2 and 6. The legislature may, by direct action, impose a specific tax upon designated personal property and term the same, as in this act, "intangible."

Questions 3 and 7. The income basis for measuring the tax does not constitute it an income tax.

As stated in *Young* v. *Illinois Athletic Club,* 310 Ill. 75, 81 (141 N. E. 369, 30 A. L. R. 985):

"An income tax is an assessment upon the income of the person and not upon any particular property from which that income is derived."

Question 4 is answered, in this instance, yes, and question 5, no.

The act is valid and denial of the writ in the court below is affirmed.

The questions being of public moment there will be no costs.

BUSHNELL, C. J., and SHARPE, BOYLES, CHANDLER, NORTH, MCALLISTER, and BUTZEL, JJ., concurred.