DAVIS v DEPARTMENT OF TREASURY

Docket No. 62236. Submitted October 14, 1982, at Lansing.—Decided
     February 1, 1983.

The Department of Treasury issued a notice of intent to assess an
     additional intangibles tax of $118.40 against Paul S. Davis for
     the years 1976 and 1978. Davis paid the tax under protest and
     requested a hearing before a Department of Treasury hearing
     officer. The hearing officer, following the hearing, denied Dav-
     is's claim for an intangibles tax refund. Davis then petitioned
     the Michigan Tax Tribunal for review of the denial of his
     claim. A Tax Tribunal hearing officer issued a proposed judg-
     ment recommending affirmance of the denial of the refund
     claim. Davis filed exceptions to the recommendation, but the
     tribunal adopted the findings of fact and conclusions of law of
     the proposed judgment. Davis appeals as of right. *Held:*

     1. Petitioner's argument that the intangibles tax act taken in
     conjunction with the Income Tax Act of 1967 results in a
     graduated income tax in violation of the provisons of the
     Michigan Constitution is without merit. The intangibles tax
     does not constitute an income tax.

     2. Petitioner's second argument, that it was the intent of the
     drafters of the 1963 Constitution to replace the intangibles
     property tax with an income tax, is rejected. The amendment of
     prior constitutional provisions did not imply that the intangi-
     bles property tax was to be replaced with an income tax but
     rather that the intangibles tax did not fit into the ad valorem
     property tax category. The intangibles tax act has not been
     replaced but coexists with the Michigan income tax.

     3. Petitioner's contention that the Income Tax Act and the
     intangibles tax act result in double taxation and violate the
     intangibles tax act is rejected. The intangibles tax is a specific

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 5] 71 Am Jur 2d, State and Local Taxation §§ 197, 458.
[3] 16 Am Jur 2d, Constitutional Law § 212 *et seq.*
     73 Am Jur 2d, Statutes §§ 37, 42, 103, 123.
[4] 71 Am Jur 2d, State and Local Taxation § 175.
     73 Am Jur 2d, Statutes § 261.

tax against the ownership of intangible property whereas the income tax is an assessment upon the income of a person and not upon any particular property from which that income is derived.

4. Petitioner's argument that the intangibles tax act violates the uniformity requirement and the Equal Protection Clause of the Michigan Constitution, rendering the intangibles tax act invalid, is rejected. No equal protection violation exists since the statute reasonably exempts property from taxation under the intangibles tax where the income from that property is includable in computation of the single business tax. Moreover, there is no violation of the constitutional requirement that a tax be uniform as to the class or classes upon which it operates. The Legislature's creation of tax exemptions does not violate that constitutional requirement.

5. Petitioner's argument that the November, 1979, intangibles tax assessment against him constitutes taxation based on receipts of return of capital rather than income and is therefore improper is also rejected. The dividends received by petitioner clearly come within the definition of income included in the intagibles tax act.

Affirmed.

1. TAXATION — INTANGIBLES TAX — INCOME TAX.
    The Michigan intangibles tax is a specific tax on the privilege of ownership of intangible personal property; the fact that income is used as a partial basis for measuring the intangibles tax does not make it an income tax (MCL 206.1 *et seq.;* MSA 7.557[101] *et seq.).*

2. TAXATION — INTANGIBLES TAX — INCOME TAX.
    The Michigan intangibles tax is a specific tax against the ownership of intangible property whereas the income tax is an assessment upon the income of a person and not upon any particular property from which that income is derived (MCL 206.1 *et seq.;* MSA 7.557[101] *et seq.).*

3. STATUTES — PRESUMPTIONS.
    Statutes are presumed to be constitutional.

4. TAXATION — STATUTES — EQUAL PROTECTION.
    Tax statutes may discriminate among classifications of properties, businesses, trades, callings, or occupations so long as the discrimination is not arbitrary but is based upon a reasonable distinction or if any state of facts can reasonably be conceived to sustain it (US Const, Am XIV; Const 1963, art 1, § 2).

5. TAXATION — INTANGIBLES TAX — INCOME.

> The Michigan intangibles tax act provides its own definition of income, which is different from the definition of income used in the federal income tax code; for the purposes of the intangibles tax act, income includes: (1) interest received upon intangible personal property, (2) dividends and other distributions to the extent that they represent the yield of intangible personal property, and (3) all other earnings or yield of intangible personal property regardless of the name by which designated (MCL 205.131[d]; MSA 7.556[1][d]).

*Paul S. Davis, in propria persona.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Richard R. Roesch* and *Curtis G. Beck,* Assistants Attorney General, for respondent.

Before: D. E. HOLBROOK, JR., P.J., and J. H. GIL-LIS and M. E. DODGE,* JJ.

PER CURIAM. Petitioner appeals as of right from a January 11, 1982, judgment of the Michigan Tax Tribunal affirming the denial of petitioner's claim for an intangibles tax refund.

Petitioner timely paid his intangibles taxes for the years 1976, 1977, and 1978. In November, 1979, the Michigan Department of Treasury issued a notice of intent to assess an additional intangibles tax of $118.40 for the years 1976 and 1978. Petitioner paid the tax under protest and requested a hearing. A hearing was held before a Department of Treasury hearing officer who, by decision and order dated November 21, 1980, denied petitioner's claim for an intangibles tax refund.

Petitioner then petitioned the Tax Tribunal for review of the department's denial of his refund

---

* Circuit judge, sitting on the Court of Appeals by assignment.

claim, alleging that the intangibles tax act, MCL
205.131 *et seq.;* MSA 7.556(1) *et seq.,* was unconsti-
tutional in several respects or, in the alternative,
that the November, 1979, assessment was im-
proper.

On December 10, 1981, the Tax Tribunal's hear-
ing officer issued a proposed judgment recommend-
ing affirmance of the department's denial of the
refund claim. Petitioner filed exceptions and, on
January 11, 1982, the tribunal adopted the find-
ings of fact and conclusions of law of the proposed
judgment. Petitioner appeals as of right.

Petitioner first argues that the intangibles tax
act taken in conjunction with the Income Tax Act
of 1967, MCL 206.1 *et seq.;* MSA 7.557(101) *et seq.,*
results in a graduated income tax in violation of
Const 1963, art 9, § 7. The argument lacks merit.
The intangibles tax is a specific tax on the privi-
lege of ownership of intangible personal property.
The fact that income is used as a partial basis for
measuring the intangibles tax does not make it an
income tax. *Shivel v Kent County Treasurer,* 295
Mich 10, 19; 294 NW 78 (1940). See also *Shapero v
Dep't of Revenue,* 322 Mich 124; 33 NW2d 729
(1948). Since the intangibles tax does not consti-
tute an income tax, there is no violation of Const
1963, art 9, § 7.

With regard to petitioner's second argument, we
adopt the following analysis of the Tax Tribunal
hearing officer:

"Petitioner next argues that since the new constitu-
tion removed intangible property from the general
property tax, removed the reference to 'specific' taxes,
and the reference to a nongraduated income tax, it 'is
clear that the intent of the new constitution was to
replace the intangible property tax with an income tax'.
* * *

"Petitioner is correct that the reference in § 4 of the 1908 Constitution has *not* been reinserted in the new constitution ('The legislature may by law impose specific taxes, which shall be uniform upon the classes upon which they operate') and that the new constitution provides for 'the uniform general ad valorem taxation of real and tangible personal property not exempt by law'. Thus, the new constitution specifically speaks only of *tangible* property.

"But, as the Convention comments point out: 'This is a revision of Sections 3, 4, 7 and 8, Article X, of the present [1908] Constitution. The first sentence preserves the uniformity clause of Sec 3, Article X, except as it presently applies to intangible personal property for which ad valorem taxation has proved unworkable.' Thus, the drafters of the 1963 Constitution, in realization of the fact that the Intangibles tax act had been passed in 1939 removed the phrase 'except on property paying specific taxes' and provided for the uniformity provision to apply to the ad valorem property taxation of tangible real and personal property. Thus, the problems with excepting specific taxes was solved.

"As the Convention comment goes on to state, 'The last sentence of the section replaces Sec 4, of present Article X. The uninformative designation of "specific" taxes has been dropped.'

"What art 9, § 3 of the 1963 Constitution accomplished was to provide for uniform general ad valorem taxation, not to exceed 50% of true cash value and to provide that 'every tax other than the general ad valorem property tax shall be uniform upon the class or classes upon which it operates'. Thus, any other tax, such as the intangibles tax, the single business tax, etc., must be uniform upon the class or classes upon which it operates. The amendment to the prior constitutional provisions did not imply that the intangible property tax was to be replaced with an income tax but rather that the intangibles tax did not fit into the ad valorem property tax category. Thus, the intangibles tax act has not been replaced, but coexists with the Michigan income tax." (Emphasis in original.)

Petitioner's contention that the Income Tax Act

and the intangibles tax act result in double taxation and violate § 3(b)(13) of the intangibles tax act is rejected. The intangibles tax is a specific tax against the ownership of intangible property whereas the income tax is an assessment upon the income of a person and not upon any particular property from which that income is derived. Thus, the double taxation issue need not be addressed. See *Shivel, supra,* p 19; *Stockler v Dep't of Treasury,* 75 Mich App 640, 652; 255 NW2d 718 (1977), *lv den* 402 Mich 802 (1977).

Petitioner next asserts that MCL 205.133(b)(12); MSA 7.556(3)(b)(12), which provides an exemption from the intangibles tax for property used in a business activity if the income from such property is considered in computing the single business tax, violates the uniformity requirement and the equal protection clause, rendering the intangibles tax act invalid.

The exemption provides:

"(b) The following shall be exempt from the tax imposed by this act:

* * *

"(12) Intangible personal property owned by or comprising the assets of a person or business enterprise engaged in business activity as defined by section 3 of Act No. 228 of the Public Acts of 1975, as amended, being section 208.3 of the Michigan Compiled Laws, if, were income recieved from such intangible personal property, it would be considered even if deducted or excluded, in determining the amount, even if zero or negative, of business income as defined by section 3 of that act."

Petitioner contends that the exemption discriminates against the owners of intangible property who are not engaged in business activities and

violates Const 1963, art 9, § 3, which requires that a tax be uniform as to the class upon which it operates. We do not agree. Section 3(b)(12) does not exempt a person from intangibles tax liability simply because he engages in a business activity. Rather, the provision states that the intangibles tax does not apply to certain intangible personal property if income from such property is used in computation of business income for purposes of the single business tax.

Statutes are presumed to be constitutional. *Stockler, supra,* p 644. The Supreme Court has held that, in the face of an equal protection challenge, tax statutes may discriminate among classifications of properties, businesses, trades, callings, or occupations so long as the discrimination is not arbitrary but is based upon a reasonable distinction, or if any state of facts can reasonably be conceived to sustain it. *Covert Twp Assessor v State Tax Comm,* 407 Mich 561, 597; 287 NW2d 895 (1980). In the present case, no equal protection violation exists since the statute reasonably exempts property from taxation under the intangibles tax where the income from that property is includable in computation of the single business tax.

Moreover, we find no violation of the constitutional requirement that a tax be uniform as to the class or classes upon which it operates. The Legislature's creation of tax exemptions does not violate that constitutional requirement.

Finally, petitioner argues that the November, 1979, intangibles tax assessment constitutes taxation based on receipts of return of capital rather than income, and was therefore improper. We do not agree.

The distributions in dispute are cash dividends received by petitioner on securities of four utility

companies. The dividends exposed petitioner to no federal income tax liability. Petitioner argues that the dividends received constitute a return of capital which is not income for federal income tax purposes and therefore the distribution should not be considered income for computing the intangibles tax.

However, the intangibles tax act does not rely on the federal income tax code's definition of income. Rather, the act provides its own definition of income which states, in part:

" 'Income' includes: (1) interest received upon intangible personal property; (2) dividends and other distributions, whether in the form of cash or property, to the extent that they represent the yield of intangible personal property * * * (3) all other earnings or yield of intangible personal property regardless of the name by which designated. For the purpose of computing tax imposed under this act, the gross income, including taxes, charges and other deductions which may be made therefrom, shall be the basis upon which the tax shall be measured." MCL 205.131(d); MSA 7.556(1)(d).

The remainder of the above-quoted section provides an exception which is not applicable to the present facts.

The definition of income provided in 1979 AC, R 205.219(1) contains similar language providing that a dividend paid in cash is income except to the extent that it represents a return of capital *in liquidation.* In the present case, it is apparent that the distributions received by petitioner did not represent a return of capital in liquidation.

We conclude that the definition of income found in the intangibles tax act and the administrative rules clearly includes dividends of the type involved in the instant case.

Affirmed.