ROSENBALM v DEPARTMENT OF TREASURY

MONDRY v DEPARTMENT OF TREASURY

Docket Nos. 94662, 95291. Submitted July 22, 1987, at Lansing. Decided September 1, 1987. Leave to appeal denied, motion to file brief amicus curiae granted, 430 Mich —.

William E. Rosenbalm operated Rosenbalm Aviation, Inc. (RAI), from 1978 through 1982. RAI, which operated in virtually every state, elected to be taxed as a subchapter s corporation and distributed its business income to its shareholders, including Rosenbalm. Rosenbalm paid federal and state income taxes on his distributions but did not pay intangibles taxes. On October 30, 1985, the Michigan Department of Treasury issued a notice of final assessment asserting that Rosenbalm and his wife, Carole G. Rosenbalm, owed the state $263,308 in intangibles taxes, plus interest and penalties. The Rosenbalms filed a petition with the Michigan Tax Tribunal challenging the assessment. The Tax Tribunal granted summary judgment in favor of the Department of Treasury. The Rosenbalms appealed.

David and Miriam Mondry and others were shareholders of nine corporations which elected to be taxed as subchapter s corporations. From 1981 through 1984, these shareholders paid federal and state income taxes as well as intangibles taxes on their distributions. On November 30, 1986, these shareholders requested from the Department of Treasury a refund of the intangibles taxes they had paid. The claim for refund was denied. The shareholders filed a complaint against the Department of Treasury in the Court of Claims requesting a refund. The court, Michael G. Harrison, J., granted summary disposition in favor of the Department of Treasury. The shareholders appealed.

The two appeals have been consolidated and raise three issues on appeal: (1) whether subchapter s corporation stock is intangible personal property under the intangibles tax act; (2)

REFERENCES

Am Jur 2d, State and Local Taxation §§ 197, 282, 671 *et seq.*

Application of "blockage rule" or "blockage discount theory" in determining stock valuation, for purposes of taxation of intangibles. 33 ALR2d 607.

whether distributions from subchapter s corporations are "income" under the intangibles tax act; and (3) whether the intangibles tax in substance constitutes an income tax.

The Court of Appeals *held:*

1. The intangibles tax act plainly includes shares in corporations in its definition of intangible personal property. A Michigan corporation that elects subchapter s status for federal tax purposes is treated no differently in Michigan than a corporation that does not so elect.

2. Dividends and other distributions, no matter how they are labeled, are income if they represent the yield of intangible personal property. Shares in corporations are included in the definition of intangible personal property.

3. The intangibles tax, coupled with the state income tax, does not violate Michigan's constitutional prohibition against a graduated income tax. The intangibles tax is a tax on the privilege of owning intangible personal property such as corporate shares, and not a tax on the income from those shares.

Affirmed.

1. TAXATION — INTANGIBLES TAX — SUBCHAPTER S CORPORATIONS — CORPORATE STOCK.

Subchapter s corporation stock is intangible personal property under the intangibles tax act (MCL 205.131[1][b]; MSA 7.556[1][1][b]).

2. TAXATION — INTANGIBLES TAX — SUBCHAPTER S CORPORATIONS — DISTRIBUTIONS — INCOME.

Distributions from subchapter s corporations are income under the intangibles tax act (MCL 205.131[1][d]; MSA 7.556[1][1][d]).

3. TAXATION — INTANGIBLES TAX — INCOME TAX.

The Michigan intangibles tax is a specific tax on the privilege of ownership of intangible personal property; the fact that income is used as a partial basis for measuring the intangibles tax does not make it an income tax (MCL 206.1 *et seq.*; MSA 7.557[101] *et seq.*).

*Honigman, Miller, Schwartz & Cohn* (by *William G. Christopher, Roger Cook* and *Michael J. Hainer*), for plaintiffs.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Richard R. Roesch,*

*Russell E. Prins* and *Thomas J. Kenny,* Assistant Attorneys General, for defendant.

Before: DANHOF, C.J., and G. R. McDONALD and E. M. THOMAS,* JJ.

PER CURIAM. These two cases have been consolidated for this appeal. Both cases involve the applicability of Michigan's intangibles tax act, MCL 205.131 *et seq.*; MSA 7.556(1) *et seq.*, on distributions from subchapter s corporations to their shareholders.

Petitioners William E. Rosenbalm and Carole G. Rosenbalm appeal as of right from the Michigan Tax Tribunal's August 1, 1986, opinion and judgment granting respondent Michigan Department of Treasury's motion for summary disposition and denying petitioners' motion for summary disposition.

From 1978 through 1982, William E. Rosenbalm operated Rosenbalm Aviation, Inc. (RAI), which contracts with overnight carriers, such as Emery Worldwide, to deliver packages throughout the United States. Rosenbalm was involved in the operation of RAI on a full-time basis. His efforts were the principal reason that RAI was successful.

During the years in question, Rosenbalm was either the sole shareholder or a thirty-three percent shareholder of RAI. During these years, the corporation and its shareholders elected to have RAI taxed as a subchapter s corporation under the relevant provisions of the Internal Revenue Code of 1954, as amended, 26 USC 1371-1379 (Code).

Because RAI operated in virtually every state, much of the business income of RAI and Rosenbalm was attributable to states other than Michigan.

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

RAI distributed its business income to its shareholders, including Rosenbalm, pursuant to the relevant provisions of the Code. Rosenbalm received a total of $7,573,105 in distributions during the relevant years. Rosenbalm paid federal income tax and Michigan income tax on these distributions, but did not pay intangibles tax on these distributions.

On October 30, 1985, the Department of Treasury issued Notice of Final Assessment No. C474512, in which it asserted that, as of October 1, 1985, the Rosenbalms owed the state $263,308 in intangibles taxes, plus interest and penalties. The Rosenbalms filed a timely petition with the Tax Tribunal challenging the assessment. Petitioners and the department filed motions for summary disposition.

Plaintiffs David and Miriam Mondry and the David Mondry Trust dated September 23, 1983, Eugene and Sheila Mondry and the Eugene Mondry Trust dated September 23, 1983, Ira and Gail Mondry, Mitchell Mondry, Joshua Mondry, and Andrew Mondry appeal as of right from Michigan Court of Claims Judge Michael G. Harrison's September 3, 1986, opinion and order granting defendant Department of Treasury's motion for summary disposition. From 1981 through 1984, plaintiffs were shareholders of nine corporations, seven of which owned and operated twenty-six Highland Appliance stores. Those stores, large volume retailers of consumer electronics and appliances, were primarily located in Michigan. Highland Appliance Dearborn, Highland Appliance Big Town, Highland Appliance Company, and Highland Appliance Lincoln Park owned and operated ten of these stores in Ohio, Indiana, Illinois and Texas. For a substantial number of years, the corpora-

tions and the Mondrys elected to have the corporations taxed as subchapter s corporations.

Plaintiffs characterized the corporations as a "single, family-run business." Several of the Mondrys were officers or directors of the corporations or were otherwise actively involved in the operations of the corporations.

During the relevant years plaintiffs received, in the aggregate, $14,053,536 in distributions. Plaintiffs paid federal income tax, Michigan income tax and, in the aggregate, $492,868 in Michigan intangibles tax.

On November 30, 1985, plaintiffs requested a refund of the intangibles taxes paid on these distributions. On December 26, 1985, defendant denied the claim for refund. On March 24, 1986, the Mondrys filed a complaint in the Court of Claims requesting a refund. Defendant and the Mondrys filed cross-motions for summary disposition.

There are three issues to be determined on appeal: (1) whether subchapter s corporation stock is intangible personal property under the intangibles tax act; (2) whether distributions from subchapter s corporations are "income" under the Michigan intangibles tax act; and (3) whether the intangibles tax in substance constitutes an income tax.

### INTANGIBLE PERSONAL PROPERTY

The Michigan intangibles tax act, MCL 205.131 *et seq.*; MSA 7.556(1) *et seq.*, provides for the imposition and collection of a specific tax on the privilege of ownership of intangible personal property. MCL 205.131(1)(b); MSA 7.556(1)(1)(b) defines "intangible personal property" as

moneys on hand or on deposit or in transit, shares

of stock, and other units of interest, in corporations, joint stock companies, and other associations conducted for profit, not, however, including the interest of a partner under a partnership agreement.

Petitioners and plaintiffs (hereafter referred to as appellants) argue that their subchapter s corporation shares should not be included in this definition because in 1939, when the intangibles tax act was passed, subchapter s corporations did not exist and so were not contemplated by the Legislature. The Legislature did, however, specifically exempt interests in partnerships from the definition of intangible personal property. Appellants assert that subchapter s corporations are functionally equivalent to partnerships because the income generated by both types of business entities results from the efforts of a relatively small number of owners and because partnerships and subchapter s corporations are treated the same for income tax purposes.

A statute that is plain and unambiguous must be applied as written. *In re Contempt of Stone,* 154 Mich App 121; 397 NW2d 244 (1986). Subsection (b) plainly includes shares in "corporations" in its definition of intangible personal property. The subchapter s corporation is a creation of the federal government, Internal Revenue Code, 26 USC 1371-1379. A Michigan corporation that elects subchapter s status for federal tax purposes is treated no differently in Michigan than a corporation that does not so elect. If shares in subchapter s corporations are to be excluded from the definition of intangible personal property, the Legislature is the proper body to do so.

### INCOME

Under MCL 205.132; MSA 7.556(2), the amount

of tax owed under the intangibles tax act is measured by the amount of income generated by the personal property owned. Appellants argue that the income generated by their subchapter s corporation shares does not come within the act's definition of "income." Appellants cite *Chocola v Dep't of Treasury*, 422 Mich 229; 369 NW2d 843 (1985), in support.

MCL 205.131(1)(d); MSA 7.556(1)(1)(d) defines income as follows:

> (d) "Income" includes: (1) interest received upon intangible personal property; (2) dividends and other distributions, whether in the form of cash or property, to the extent that they represent the yield of intangible personal property not including, however, a distribution of stock by reason of an order of divestment under the antitrust laws which is considered a return of capital in section 1111 of the United States internal revenue code as enacted in Public Law 87-403 of the eighty-seventh congress of the United States; and (3) all other earnings or yield of intangible personal property regardless of the name by which designated. For the purpose of computing the tax imposed under this act, the gross income, including taxes, charges and other deductions which may be made therefrom, shall be the basis upon which the tax shall be measured.

Although "dubious" statutory language may not be construed against the taxpayer, *International Business Machines Corp v Dep't of Treasury*, 75 Mich App 604; 255 NW2d 702 (1977), where the language under consideration is not ambiguous it should be applied as written, not construed in favor of the taxpayer. *Consolidation Coal Co v Dep't of Treasury*, 141 Mich App 43; 366 NW2d 587 (1985). We find no ambiguity in subsection (d).

Dividends and other distributions, no matter how they are labeled, are income if they represent the yield of intangible personal property. And shares in "corporations" are included in the definition of intangible personal property.

Appellants rely on *Chocola* to support their assertion that distributions from subchapter s corporations, as "business income," should not be included in the intangibles tax act's definition of income. In *Chocola,* our Supreme Court concluded that the distributable income of out-of-state subchapter s corporations should be treated as apportionable business income for purposes of the Michigan income tax. The Court held that subchapter s corporation income may be apportioned and thereby excluded from a Michigan resident's tax base pursuant to validly promulgated Department of Treasury rules. 422 Mich 232. The Court rejected the department's argument that merely because a distribution is labeled a "dividend" and dividends must be allocated to Michigan under MCL 206.110; MSA 7.557(1110) and MCL 206.113; MSA 7.557(1113), dividend income must be allocated to Michigan regardless of its character as business income. 422 Mich 238-239.

We do not believe *Chocola* controls the instant cases. *Chocola* addressed only the apportionability of income from shares in out-of-state subchapter s corporations and relied on the Income Tax Act of 1967, MCL 206.1 *et seq.*; MSA 7.557(101) *et seq.*, in deciding the question presented. There was no discussion of the intangibles tax which, as stated, contains its own definition of income.

INTANGIBLES TAX AND INCOME TAX

Appellants argue that the intangibles tax act, coupled with the Income Tax Act of 1967, MCL

206.1 *et seq.*; MSA 7.557(101) *et seq.*, violates Const 1963, art 9, § 7, which prohibits a graduated income tax. This issue has previously been addressed by Michigan appellate courts. In *Davis v Dep't of Treasury,* 124 Mich App 222, 225; 333 NW2d 521 (1983), this Court stated:

> The intangibles tax is a specific tax on the privilege of ownership of intangible personal property. The fact that income is used as a partial basis for measuring the intangibles tax does not make it an income tax. *Shivel v Kent County Treasurer,* 295 Mich 10, 19; 294 NW 78 (1940). See also *Shapero v Dep't of Revenue,* 322 Mich 124; 33 NW2d 729 (1948). Since the intangibles tax does not constitute an income tax, there is no violation of Const 1963, art 9, § 7.

Appellants argue that two recent United States Supreme Court cases, *American Bank & Trust Co v Dallas County,* 463 US 855; 103 S Ct 3369; 77 L Ed 2d 1072 (1983), and *Aloha Airlines, Inc v Director of Taxation of Hawaii,* 464 US 7; 104 S Ct 291; 78 L Ed 2d 10 (1983), effectively overrule this Court's holding in *Davis.* In *Aloha Airlines,* the State of Hawaii imposed a tax on the gross income of airlines operating within the state, but styled itself a "personal property tax." The Court concluded that such a tax was preempted by 49 USC 1513, which prohibits the states from levying or collecting a tax on the gross receipts derived from the carriage of persons traveling in air commerce.

In *American Bank & Trust Co,* Texas imposed a property tax on bank shares, and, in determining the value of the bank shares subject to the tax, the state included the value of United States obligations held by the banks. The Court held that Rev Stat § 3701, 31 USC 742, which states that the exemption from taxes of all government obliga-

tions "extends to every form of taxation that would require that either the obligations or the interest thereon, or both, be considered, directly or indirectly, in the computation of the tax," prohibited the state's method of computing the tax.

We do not believe *Aloha Airlines* and *American Bank & Trust* support appellants' argument that the intangibles tax, coupled with the income tax, violates Michigan's constitutional prohibition against a graduated income tax. The decision in *Aloha Airlines* was based on a federal statute preempting the sort of tax imposed by the State of Hawaii. Although labeled a "property tax," the Hawaii statute clearly was a tax on gross income. The Michigan intangibles tax, however, is a tax on the privilege of owning intangible personal property such as corporate shares, and not a tax on the income from those shares.

*American Bank & Trust Co* was decided under a statute that unequivocally prohibits taxation of government obligations. Before amendment of § 3701, the Court had held that that section did not prohibit nondiscriminatory taxes on discrete property interests such as corporate shares or business franchises, even though the value of those discrete interests was measured by underlying assets, including United States obligations. 463 US 862-863.

<h3 style="text-align:center">CONCLUSION</h3>

The Michigan intangibles tax act clearly defines intangible personal property as including shares of stock and income as including dividends. In addition, this Court has previously ruled that the intangibles tax does not in substance constitute an income tax. *Davis, supra.* The arguments advanced

by appellants involve policy best addressed by the Legislature, not the courts.

Affirmed.